State vs. Farrer.

## No. 8791.

### THE STATE OF LOUISIANA VS. MANUEL FARRER.

Attachments against absent jurors cannot be required to be issued where there is a sufficient number of jurors present to form the panel, or when there are only four absent and they reside twenty-five miles from the courthouse, or when the motion is not made before going to trial.

Where the accused voluntarily offers evidence to prove his good character and thus opens the door for contradiction, it is legitimate for the State to tender, in rebuttal, proof of his bad reputation, the more so when the inquiry is upon cross-examination of witnesses of the defense.

District Judges are vested with a legal, not an arbitrary discretion. When they exercise such and objection is made, they should state all the reasons which have induced their rulings. Facts often transpire in the presence, or are to the knowledge of Judges, the existence of which is not established by the record. Proper information would, if known, enlighten the court and enable it to test the correctness of such rulings. In the absence of such statement, those facts cannot be divined by the appellate court, which, in default, is bound to assume that the grounds stated are the only ones.

Bills of exceptions will not be considered when, even if well taken, the accused would not be benefitted thereby.

Although a District Judge has improperly excluded jurors, the error is not such as entitles the defendant to a reversal of the verdict and sentence, and to a remanding of the case for a new trial, where it does not appear that the accused had exhausted his peremptory challenges before the jury was fully made up and did not obtain an entire panel of his own choice and an impartial trial.

APPEAL from the Twelfth District Court, Parish of Rapides. *Blackman,* J.

*E. G. Hunter,* District Attorney, for the State, Appellee :

The absence of part of the jurors, when a case is called for trial, in no manner deprives the defendant of the opportunity of inquiring into the character and qualifications of the jurors. A sufficient number of the jurors being present to form the panel, the court did not err in ruling the defendant to trial. Having had all the notice the law requires in order to prepare challenges, the defendant was not entitled to a postponement of the trial, because all the jurors summoned for the term were not present. 26 An. 600; 29 An. 545, 546; 32 An. 222, 1144.

The defendant in a criminal trial has not the right to demand attachments for absent jurors, when there is present a sufficient number to form a panel. State vs. Breaux, 32 An. 222.

In the absence of any statement of the grounds on which the Judge below excused two of the thirty jurors, who had been drawn for the week of the term in which the defendant was tried for and convicted of murder, it will be presumed that the Judge excused them for sufficient and legal cause. 32 An. 222.

When an accused voluntarily puts his character in issue, rebutting evidence of bad reputation in the community in which he lives is admissible on the part of the State. Wharton's Criminal Evidence, p. 58; Archbold's Criminal Practice, p. 401.

The Judge, before whom the examination of a juror on his *voir dire* is held, is the most competent to pass upon his competency, and said judgment will not be disturbed, unless there has been some error of law made therein, to the detriment of the accused. State vs. Barnes, 34 An. 395.

*M. Ryan* and *Jno. O. Ryan* for Defendant and Appellant.

| | |
|---|---|
| 35 | 315 |
| 45 | 1143 |
| 35 | 315 |
| 46 | 546 |
| 35 | 315 |
| 49 | 1150 |
| 35 | 315 |
| 50 | 715 |
| 50 | 1139 |
| 35 | 315 |
| 106 | 200 |

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The defendant was indicted for murder, found guilty without capital punishment and sentenced to hard labor for life.   From the verdict and judgment thereon he appeals.

The record contains four bills of exceptions, viz:

One to the refusal of the Judge to issue attachments against absent jurors;

Another to the ruling of the Judge permitting a question by the District Attorney, in reference to the general reputation of the accused in the community in which he lived;

A third one to the discharge of a juror, at the instance of the State, on the ground of incompetency;

A last one, almost to the same effect and apparently for a like reason.

*First.*   There being a sufficient number of jurors present to form the panel, the attachments were properly declined.  ' 26 An. 600; 29 An. 545, 546; 32 An. 222, 1144.

There were four jurors absent, who resided twenty-five miles from the courthouse.   The motion for the attachments was not made before going to trial.   The Judge exercised a proper discretion.   The bill was not well taken.

*Second.*   The accused having offered voluntarily evidence to prove his good character, and thus opened the door for contradiction, it was legitimate for the State to tender, in rebuttal, proof of his bad reputation among those in the midst of whom he lived, for violence, passion and vindictiveness.   Wharton's Cr. Ev. 58; Archbold Cr. Pr. 401.

The rule is, that the prosecutor cannot enter into an inquiry as to the defendant's character, unless the defendant enables him to do so by calling witnesses in support of it.

This right is the more evident when the inquiry is instituted upon cross-examination of the witnesses brought forward by the defense.

We will consider the two next bills together:

*Third.*   A juror was excluded by the District Judge, who states that he did not think him competent and believed that he knew all about the case, as he lived within a mile and a half from the place where the murder is charged to have been committed.

*Fourth.*   Another juror was also excluded, who lived in the immediate neighborhood of the spot where the homicide is said to have occurred, who knew the witnesses, and who had stated that he had formed an opinion as to the guilt or innocence of the accused.

It enters into the philosophy and humanity of the law that an accused who is entitled to a jury, should be tried by his peers taken from the vicinage.   This is his right, precisely because these are pre-

sumed, on account of their residence in the neighborhood, to be better informed of the locality, of its inhabitants, of its customs, and of the defendant himself, than would be strangers coming from a distant spot.

The expression of an opinion which disqualifies a juror, is a fixed, deliberate and determined one, which cannot be changed.

The law vests great discretion in Judges presiding over the trial of criminal cases touching the rejection or admission of jurors. It must be a legal, not an arbitrary discretion. Whenever it is exercised and objection is made, the presiding Judge should make it his duty to state all the reasons and circumstances which have induced his ruling. The latitude allowed cannot be permitted to be extended to cases in which it is not made to appear that jurors who were excluded, in the exercise of a proper discretion, would not have done impartial justice between the State and the accused.

Facts often transpire in the presence and are to the knowledge of Judges, which have inspired and necessitated their rulings, the existence of which is not established by the transcript. Proper information touching them would throw considerable light and powerfully enable the appellate court to test the correctness of such rulings; but in the absence of such statement on the subject, they cannot be divined. ·

In default of such, this Court is bound to assume that the grounds stated were the only ones assigned, and must be governed accordingly, in some instances possibly defeating, however innocently, the ends of justice and endangering the good order and well-being of society.

It is probable that the District Judge in the present case was influenced by reasons, additional to those contained in the bills, which induced him to reject the jurors. He no doubt expressed them; but whether or not there existed such reasons, they are not embodied in the bills of exceptions, when they might serviceably have been inserted in them.

Whatever the grounds incorporated were, we deem it, however, unnecessary to pass upon them, for that would be doing a work of supererogation, inasmuch as, even if the jurors had been improperly rejected, the prisoner could not be benefitted by the error committed, as the record does not show that he has sustained any material injury or has been deprived of any right in consequence.

There is no doubt that if the defendant had sustained any injury by the rulings of the District Judge excluding the jurors without sufficient legal cause assigned, it would be his right to demand, and the duty of this Court to accord reparation to the full length of its power.

The record in this respect is perfectly reticent. The very motion for a new trial, made by the accused, not only does not even allege

such injury, but is confined to merely charging 'that the verdict is contrary to the evidence and to the law, and contains no specification whatever of grounds.

The record does not show that the prisoner had exhausted his peremptory challenges before the jury was fully made up and that he did not obtain an entire panel of his own choice.

As was substantially well said on a similar occasion, it does not follow that because the party might have been received as a juror, his rejection is error, for which the court will reverse the judgment.

The great object of the Constitution and the law is that an impartial jury may be obtained in every case. The rejection of the juror had no tendency to prevent the attainment of that end, for the prisoner had not exhausted his challenges before the jury was fully made up, and consequently he had obtained an entire panel of his own choice.

Furthermore, in a case of this sort, no advantage could accrue to a prisoner should a new trial be awarded. The only effect of a new trial would be, that the prisoner would be enabled to obtain an impartial jury of his own choice, and he has already had the benefit of a jury of his selection. State vs. Bunger, 14 An. 461; State vs. Eveque, O. B. 45, f. 634, N. R.; Henry vs. State, 4 Humphrey's Tenn. p. 270. See also Carroll vs. State, 3 Ib. 315; S. P. Mimms vs. State, 16 Ohio St. 221; Burrell vs. State, 18 Tex. 713.

Under these circumstances, we do not think that the verdict and sentence should be disturbed.

Judgment affirmed.