35 So.2d 741

### STATE v. POWELL.

### No. 38855.

April 26, 1948.

Campbell & Padgett, of Bossier City, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and A. M. Wallace, Dist. Atty., of Benton, for appellee.

PONDER, Justice.

The defendant was tried for the crime of manslaughter and convicted of negligent homicide. He was sentenced to serve three years in the State Penitentiary. He has appealed.

During the course of the trial the defendant reserved two bills of exceptions,

leveled at a question propounded by the district attorney while cross-examining the defendant's character witness.

The defendant put his character at issue by placing a witness on the stand who testified to his good reputation. In cross-examining the witness the district attorney asked the following question, viz.: "Hadn't you heard that this defendant had been arrested, charged and indicted by the Grand Jury with being the father of the child of his minor sister-in-law?" After the witness had answered the question in the affirmative, the defendant's counsel moved for a mistrial. The lower court overruled the motion, instructed the jury to disregard the question and answer, and ordered the trial to be proceeded with. It is from this ruling of the court that he now complains.

He contends that the refusal of the trial court to order a mistrial was prejudicial error. He has not presented us any authority to support his contention. He concedes that the district attorney has the right to cross-examine a character witness regarding specific instances where he might have heard the character of the accused discussed, but contends that the scope of cross-examination is not unlimited. He takes the position that the district attorney does not have the authority to inquire into a charge of a different nature than that for which the accused is being tried.

■ When the defendant puts his character at issue the State has the right to rebut it with proof of his bad reputation for violence, passion and vindictiveness. This right is more evident when the inquiry is instituted upon cross-examination of the defendant's witness. State v. Farrer, 35 La. Ann. 315.

■ A witness testifying to the good character of an accused may properly be examined regarding particular facts in order to test the soundness of his opinion and the data upon which it is founded. State v. Thornhill, 188 La. 762, 178 So. 343.

■ A character witness for an accused may be questioned as to previous arrests for the purpose of testing the witness's knowledge of the accused's reputation. State v. Jacobs, 195 La. 281, 196 So. 347.

For the reasons assigned, the conviction and sentence are affirmed.

O'NEILL, C. J., dissents.