308 So.2d 770 (1975)
STATE of Louisiana
v.
Raymond RHODES.
No. 55470.
Supreme Court of Louisiana.
February 24, 1975.
*772 Barry F. Viosca, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Raymond Rhodes was convicted of armed robbery, a violation of Article 64 of the Louisiana Criminal Code. The trial judge sentenced him to imprisonment for twenty years.
The defendant has appealed, relying upon six bills of exceptions reserved in the district court.

BILL OF EXCEPTIONS NO. 1
Prior to trial, defense counsel filed a Motion to Suppress Identification. A hearing was had, the motion was denied, and this first bill of exceptions was reserved.
The defendant's objection here is that the lineup identification and subsequent in-court identification were tainted by an earlier photographic identification.
On December 15, 1970, the armed robbery with which defendant was charged occurred at a New Orleans loan company. Two days later, Officers Roth and Bonano of the New Orleans Police Department visited the loan company and exhibited a series of photographs to the witnesses of the crime. Defense counsel asserts that the officers, before exhibiting the photographs, informed the witnesses that arrests had been made on the basis of information provided by an informer. Defense counsel argues that the officers' comment implanted in the minds of the witnesses the conclusion that the armed robbers' photographs were included among those to be viewed.
The issue here is whether the photographic identification procedure utilized was so impermissibly suggestive as to give rise to a substantial likelihood of misidentification. State v. Mitchell, La., 278 So.2d 48 (1973). In determining whether an identification procedure is impermissibly suggestive, reference must be made to all the circumstances. State v. Newman, La., 283 So.2d 756 (1973). The chance of faulty identification is increased if the police indicate that one of the persons in the photographs committed the crime under investigation. See State v. Wallace, La., 285 So.2d 796 (1973).
Our review of the record indicates that the identification procedure was not impermissibly suggestive. Several witnesses testified concerning the photographs. The defense relies primarily upon the testimony of Mr. Yaeger, the victim of the robbery, who testified at the preliminary motion hearing that, before exhibiting the photographs to him, the police officers told him that they had already arrested the armed robbers on the basis of information previously furnished to them. However, at trial, Mr. Yaeger corrected his earlier testimony, saying he misunderstood the question at the hearing. He testified: "I never knew that they were arrested until I seen them in the lineup."
Mr. Yaeger's trial testimony was corroborated by the testimony of two witnesses to the crime, Miss Powell and Mr. Stephens, both of whom viewed the photographs with Mr. Yaeger. They testified that the investigating officers did not inform them that they had arrested the perpetrators of the crime. The officers' testimony is to the same effect. Moreover, as noted by Officer Roth, such a statement would have been incorrect, since the defendant was not arrested until December 19, 1970, two days after the photographic identification.
We conclude, moreover, that the courtroom identification had an independent basis. The robbery, which lasted five *773 to ten minutes, occurred in a well-lighted area. Mr. Yaeger, who had been robbed before, said that for this reason he paid close attention to the appearance of the robbers, who wore no disguises or masks. At the trial, Mr. Yaeger definitely identified the defendant as one of the robbers.
This bill is, therefore, without merit.

BILL OF EXCEPTIONS NOS. 3, 4, AND 5
These bills were reserved when, upon objection by the State, the trial judge refused to allow defense counsel to cross-examine two of the State witnesses (Officers Roth and Bonano) concerning the identity of the confidential informant who had provided the police with information implicating defendant as the perpetrator of the crime.
The defendant argues that since the informant provided the police with information in the early stages of the investigation, the informant's identity was essential to his defense.
The "informer privilege" is a privilege of withholding the identity of an informant who supplies information to law enforcement officials concerning crime. The privilege is founded upon public policy and is designed to encourage the reporting of crime. Disclosure of the informant's identity is warranted only under exceptional circumstances for the prevention of injustice. The burden is on defendant to show such exceptional circumstances. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173.
No exceptional circumstances warranting disclosure are present here. Hence, these bills are without merit.

BILL OF EXCEPTIONS NO. 6
This bill was reserved when the State was allowed to introduce into evidence a photograph of defendant that the victim had selected from a series of photographs and signed two days after the robbery. The photograph introduced was the same photograph referred to in our discussion of Bill of Exceptions No. 1. There, we concluded that the procedure used in exhibiting the photographs was not impermissibly suggestive. The photograph introduced here was material to the identification of the armed robber. Hence, the trial judge correctly admitted it in evidence.
Bill of Exceptions No. 6 is without merit.

BILL OF EXCEPTIONS NO. 7
After the jury had returned a verdict of guilty of armed robbery, defense counsel moved for a new trial, alleging that the verdict was contrary to the law and the evidence and that the bills of exceptions reserved during the proceedings showed prejudicial error. No further specification of error is set out in the motion.
We have previously disposed of the bills of exceptions. The allegation that the verdict is contrary to the law and the evidence presents nothing for our review. State v. Cordier, La., 297 So.2d 181 (1973).
As an error discoverable by an inspection of the pleadings (see Art. 920, LSA-C.Cr.P.), the defendant argues that he was denied the right of speedy trial by the prolonged delay in lodging the appellant record in this Court. This argument lacks merit. It is well established that the constitutional right to a speedy trial does not extend to delays in the appeal. State v. Lane, La., 302 So.2d 880 (1974).
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs with reasons.
DIXON, Justice (concurring).
I respectfully concur in the result; I do not agree with the treatment accorded Bills of Exceptions Nos. 3, 4 and 5.