329 So.2d 731 (1976)
STATE of Louisiana
v.
Warren HARVEY.
No. 57203.
Supreme Court of Louisiana.
March 29, 1976.
*732 Salvatore Panzeca, Racivitch & Wegmann, George M. Leppert, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Warrent Harvey, with armed robbery in violation of LSA-R.S. 14:64. In October, 1974, the jury found Harvey guilty as charged, and the court sentenced him as a multiple offender to serve sixty-five years imprisonment without benefit of parole, probation, or suspension of sentence. LSA-R.S. 15:529.1. On appeal to this Court, he relies upon four assignments of error, which he has consolidated into three arguments.

ASSIGNMENT OF ERROR NO. 1
Defendant assigns as error the trial court's ruling denying his motion to quash on the ground that women were excluded from that petit jury panel. Defendant urges this Court to refrain from following the United States Supreme Court's decision in Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975), and to adopt instead the rationale of the dissent in that case.
This Court has previously applied Daniel to several cases. See, e. g., State v. Roberts, La., 319 So.2d 317 (1975). Defendant's trial occurred before the Supreme Court's decision in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975); therefore, under the Daniel decision and under the jurisprudence of this Court following Daniel, this assignment of error has no merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
Defendant assigns as error the trial court's action overruling defense counsel's objections to cross-examination of a defense character witness about his knowledge of previous arrests of the defendant. The witness, Claude Bordelon, was a correctional officer at the penitentiary who had known the defendant when the latter was an inmate there. Bordelon testified that the defendant had worked for him personally; that while the defendant was at Angola, he had been a trustee and had taught other prisoners; that the defendant had served as the warden's houseboy and chauffeur on Bordelon's recommendation; and that he personally had loaned the defendant $500.00, although he had never helped any other former convict in that manner. Over defense objections, the prosecuting attorney questioned Bordelon about whether he knew of several prior arrests of the defendant; Bordelon acknowledged his awareness of most of them. It is well established in Louisiana that it is not reversible error for the prosecution to question a defense character witness about his knowledge of prior arrests of the defendant. State v. Banks, La., 307 So.2d 594 (1975); State v. Ivy, La., 307 So.2d 587 (1975); State v. Daniels, 262 La. 475, 263 So.2d 859 (1972); State v. Simpson, 247 La. 883, 175 So.2d 255 (1965); State v. Powell, 213 La. 811, 35 So.2d 741 (1948); State v. Thornhill, 188 La. 762, 178 So. 343 (1938). This rule also prevails in other jurisdictions. 98 C.J.S. *733 Witnesses § 387 at 160; 81 Am.Jur.2d, Witnesses, § 502 at 509; Annot., 47 A.L.R.2d 1268, 1298. The defendant urges us to reconsider our holdings. Upon a review of the jurisprudence, we still find the following rationale from State v. Banks, supra, to be sound:
". . . [W]e conclude that neither law nor justice permits a defendant to foist a spurious reputation upon a jury because the State is so limited in its cross-examination of the character witnesses that it may not inquire about knowledge of prior arrests. . ."
These assignments of error lack merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends that the trial court erred in permitting him to be charged as a multiple offender under LSA-R.S. 15:529.1. He advances two arguments in support of his contention: (1) that the action of the trial court was violative of Article 4, § 5(E) of the 1974 Louisiana Constitution; and (2) that billing and sentencing a defendant as a multiple offender is cruel and unusual punishment and hence unconstitutional under both state and federal constitutions.
Article 4, § 5(E) of the Louisiana Constitution of 1974 provides that a first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence. In 1971, the defendant was sentenced to five years imprisonment for each of two separate simple robbery convictions, to run consecutively. These convictions and sentences occurred prior to the adoption of the 1974 Constitution, the provisions of which are not retroactive. La.Const. Art. 14, § 26 (1974). In State v. Maduell, La., 326 So.2d 820 (1976), this Court specifically held Article 4, § 5(E) inapplicable to convictions and sentences occurring prior to the adoption of the 1974 Constitution.[1]
This Court has rejected arguments that LSA-R.S. 15:529.1 is unconstitutional because it imposes cruel and unusual punishment. See, e. g., State v. Vale, 252 La. 1056, 215 So.2d 811, reversed on other grounds, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1968).
This assignment of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] We express no opinion at this time as to the effect of Article 4, § 5(E) of the Louisiana Constitution (1974) on multiple offender prosecutions based on convictions occurring after the effective date of the 1974 Constitution.