378 So.2d 1356 (1979)
STATE of Louisiana
v.
Charles Edward BAGLEY.
No. 63538.
Supreme Court of Louisiana.
June 25, 1979.
*1357 Donald R. Miller, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Eugene W. Bryson, Jr., Asst. Dist. Atty., Patrick G. Quinlan, Walter L. Smith, Jr., Asst. Attys. Gen., for plaintiff-appellee.
BLANCHE, Justice.
Defendant, Charles Edward Bagley, was indicted for forcible rape, a violation of LSA-R.S. 14:42.1. After trial by jury, the defendant was found guilty as charged and was sentenced to ten years at hard labor. Defendant urges three assignments of error as the basis of his appeal. Assignments one and two will be treated together as one assignment.
Testimony indicated that the defendant went to the home of the victim, a person with whom he was acquainted, and by means of a ruse gained entry into the house. The victim testified that Bagley then dragged her to one of the bedrooms and forcibly raped her.
The defendant admitted having sexual intercourse with the victim on the night in question but claimed that the victim voluntarily engaged in the act. Bagley testified that the victim and her husband were his regular suppliers of marijuana and, as a result, he had became acquainted with the victim. According to Bagley, on the night in question he went to the victim's home to purchase some marijuana. Instead, he was invited inside where he and the victim smoked some marijuana and afterwards engaged in sexual intercourse. To bolster his consent defense, Bagley called several witnesses to the stand to testify to his good reputation in the community.

ASSIGNMENT NOS. 1 AND 2
By these assignments, the defendant contends the court erred in allowing the prosecution to question his character witnesses as to their knowledge of a complaint of rape filed against the defendant some years previous to the offense for which the defendant was being tried.
The defense called four witnesses to testify concerning the defendant's reputation in the community. Counsel for the defendant asked each witness what sort of reputation the defendant had and asked three of the witnesses if they would feel comfortable if their wives were alone with the defendant. All testified that the defendant had a good reputation and that they would feel comfortable if their wives were alone with the defendant.
On cross-examination, the State asked, for the purpose of testing the witnesses' knowledge of the defendant's reputation and standard of evaluation, the following question:
"Did you know that a complaint was lodged with Caddo Parish Sheriff's Department September 25, 1973 by [Mrs. X] alleging that the defendant here, Charles Bagley, attempted to rape her in her own home on that day and choked her?"[1]
Over the defendant's objections, the witnesses were permitted to answer the question.[2] Only one answered that he had heard of the incident. The defendant claims that the inquiry was highly prejudicial and requires that this Court reverse his conviction. We disagree.
Evidence of a defendant's good character is always admissible to show that it is unlikely he committed the crime with which he is charged. LSA-R.S. 15:480. However, the State is not permitted to show that the defendant is a bad person for the purpose of convincing the jury it is more likely than *1358 not that he is guilty. Thus, the State is allowed to introduce evidence of the defendant's bad character only for the purpose of rebutting evidence of good character presented on the defendant's behalf. LSA-R.S. 15:481. LSA-R.S. 45:479 provides that a man's character, good or bad, is that reputation which he enjoys in the community, and hence no witness may testify as to his personal opinion of the defendant.
When a defendant chooses to place his character at issue by introducing evidence of his good character, the State is permitted to rebut such evidence either by calling witnesses to testify to the bad character of the defendant, or by impeaching the defense witnesses' ability to testify to the defendant's character. This Court has adopted the position that the cross-examination of a character witness may extend to his knowledge of particular misconduct, prior arrests, or other acts relevant to the particular moral qualities as are pertinent to the crime with which the defendant is charged. R.S. 15:480; State v. Frentz, 354 So.2d 1007 (La.1978); see also State v. Harvey, 329 So.2d 731 (La.1976); State v. Knight, 323 So.2d 765 (La.1975); State v. Ivy, 307 So.2d 587 (La.1975); State v. Banks, 307 So.2d 594 (La.1975). The purpose of such inquiries is to expose the witnesses' possible lack of knowledge regarding the character of the defendant, or the witnesses' standard of evaluation.
The defendant urges us to reconsider our prior holdings. As we said in State v. Harvey, supra, 329 So.2d at 733, a case in which we were also asked to reconsider the jurisprudence on this question:
"... Upon a review of the jurisprudence, we still find the following rationale from State v. Banks, supra, to be sound:
`... [W]e conclude that neither law nor justice permits a defendant to foist a spurious reputation upon a jury because the State is so limited in its cross-examination of the character witnesses that it may not inquire about knowledge of prior arrests. ..."
Since there was no evidence of bad faith on the part of the State, and the record reflects the question had sufficient foundation in fact, we find defendant's assignment Nos. 1 and 2 to be without merit.

ASSIGNMENT NO. 3
By this assignment, defendant argues that the court erred in denying his motion for new trial. Defendant sought a new trial on the grounds of newly discovered evidence and on the grounds raised and disposed of in this appeal in assignment Nos. 1 and 2 above.
Article 851 of the Code of Criminal Procedure provides, inter alia, that a new trial shall be granted when:
"(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty ...."
Defendant, by affidavit attached to his motion, offered the testimony of two additional witnesses who swore that they had been with the defendant on several occasions when he had bought marijuana from someone at the residence of the victim and her husband. Defendant claims this evidence would further corroborate his defense of consent.
Defendant's claim must fail for two reasons. First, the motion fails to allege the witnesses could not have been produced at trial. This is required. LSA-C.Cr.P. art. 851; State v. Charles, 350 So.2d 595 (La.1977). Moreover, the record discloses that the defendant, while on the stand, alluded to several persons by name who could testify that he had bought marijuana from the victim and her husband. The defendant said he did not call them because they did not want to testify that they had purchased marijuana. Hence, the defendant elected not to present the same evidence, which he now claims is newly discovered, in order to avoid putting his friends on the spot.
*1359 Secondly, the test for whether a motion for new trial on the basis of newly discovered evidence should be granted is whether the additional evidence is so material that it ought to produce a different result. State v. Huckaby, 368 So.2d 1059 (La.1979); State v. Williams, 362 So.2d 530 (La.1978). While this additional evidence would serve to impeach the victim's credibility, as she testified that she had rarely seen the defendant and had never sold him marijuana, such impeaching testimony had already been given at trial by the defendant's uncle. We are unable to conclude that the trial judge erred in finding the evidence ought not to produce a different result.
For these reasons, we find this assignment without merit.

DECREE
The conviction and sentence of the defendant are affirmed.
AFFIRMED.
TATE, J., I concur under the present jurisprudence, but Mr. Justice Dennis' dissent expresses what shall be (and probably will be) the correct interpretation and application of character-evidence cross-examination.
CALOGERO, J., dissents for reasons assigned by DENNIS, J.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
Although the majority is correct in finding that the trial judge's ruling concerning the state's cross-examination of character witnesses is supported by previous decisions from this Court, the potential for abuse of such evidence indicates that some regulation of character witness cross-examination is needed.
During the trial of this case, the district court permitted the prosecuting attorney, over defendant's objection, to ask four of the defendant's character witnesses variations of the following question:
"Did you know that a complaint was lodged with Caddo Parish Sheriff's Department September 25, 1973 by [Mrs. X] alleging that the defendant here, Charles Bagley, attempted to rape her in her own home on that day and choked her?"[1]
In interpreting our statutory rules concerning character evidence, see La.R.S. 15:479-481, this Court has held that "it is not reversible error for the prosecution to question a defense witness about his knowledge of prior arrests of the defendant." State v. Harvey, 329 So.2d 731 (La.1976); State v. Banks, 307 So.2d 594 (La.1975).
This type of rule has been criticized for a number of reasons both within and without our state. It trenches close to the widely condemned practice of proving other crimes extrinsically in order to show bad reputation as a logical result, presenting the danger that the jury, finding the prior crime, will shortcut the reputation process and use it more directly to convict in the case on trial. McCormick on Evidence, § 191, p. 457 (Geary ed. 1972). See, Michelson v. United States, 335 U.S. 469, 477-87, 69 S.Ct. 213, 219-224, 93 L.Ed. 168, 174-179 (1948); 3A Wigmore, Evidence, § 988, pp. 920-21 (Chadbourn rev. 1970). In order to alleviate some of the danger, the witness should not be asked "if he knows" that the accused *1360 has committed such other crimes, but only whether he "has heard" that defendant has committed particular acts inconsistent with the reputation vouched for on direct. McCormick, supra, at pp. 456-57. See also, G. Pugh and J. McClelland, The Work of the Louisiana Appellate Courts for the 1972-1973 TermEvidence, 34 La.L.Rev. 443, 447 (1974). Even so, a rule permitting the cross-examiner to ask the character witness whether he "has heard" of other particular crimes of accused involving the same trait is pregnant with possibilities of destructive prejudice. McCormick, supra, at p. 457. Although the courts agree that propounding such a question in bad faith may be ground for reversal, establishing bad faith may be a hopeless task for an accused in the absence of judicial intervention. McCormick, supra, at p. 458; 3A Wigmore, supra, § 988.
Wigmore and McCormick recommend that the trial judge, before permitting the prosecuting attorney to cross-examine the character witness on rumors of misconduct of the accused, should question the prosecutor in the absence of the jury, as to whether he has credible grounds for asking the question. McCormick, supra, § 191; 3A Wigmore, supra, § 988. Several jurisdictions have approved, recommended, or required this or a similar practice. Michelson v. United States, supra; State v. Hinton, 206 Kan. 500, 479 P.2d 910 (1971); Miller v. State, 418 P.2d 220 (Okl.Cr.1966); People v. Yoshio Futamata, 140 Colo. 233, 343 P.2d 1058 (1959); People v. Dorrikas, 354 Mich. 303, 92 N.W.2d 305 (1958); State v. Steensen, 35 N.J.Super. 103, 113 A.2d 203 (1955).
The Superior Court of New Jersey has formulated perhaps the most thoughtful guidelines to assist trial judges in determining whether the prosecutor has reasonable grounds for cross-examining the character witness about convictions, arrests or other misconduct of the accused. In determining whether to allow the cross-examination, the trial court should conduct a preliminary inquiry out of the presence of the jury and he should satisfy himself:
"(1) that there is no question as to the fact of the subject matter of the rumor, that is, of the previous arrest, conviction, or other pertinent misconduct of the defendant;
"(2) that a reasonable likelihood exists that the previous arrest, conviction or other pertinent misconduct would have been bruited about the neighborhood or community prior to the alleged commission of the offense on trial;
"(3) that neither the event or conduct nor the rumor concerning it occurred at a time too remote from the present offense;
"(4) that the earlier event or misconduct and the rumor concerned the specific trait involved in the offense for which the accused is on trial; and
"(5) that the examination will be conducted in the proper form, that is: `Have you heard,' etc., not `Do you know,' etc. [citations omitted]
"And if the conclusion is reached to allow the interrogation, the jury should be informed of its exact purpose either at the conclusion thereof or in the charge." State v. Steensen, 35 N.J.Super. 103, 113 A.2d 203, 206 (1955); accord, State v. Hinton, 206 Kan. 500, 479 P.2d 910 (1975); Miller v. State, 418 P.2d 220 (Okl.Cr. 1966); cf. People v. Robinson, 70 Mich. App. 606, 247 N.W.2d 308 (1976); State v. Briscoe, 78 Wash.2d 338, 474 P.2d 267 (1970).
Although the prosecuting attorney in the instant case doubtlessly acted in good faith, it is evident that substantial risk of unfair prejudice to the defendant resulted from the lack of any procedure for establishing reasonable grounds for the cross-examiner's questions out of the jury's presence. In the presence of the jury, the witnesses were asked, "Did you know" or "Are you familiar with the fact" that a complaint of attempted rape and choking had been filed against the defendant by Mrs. X on September 23, 1973? There was no showing of likelihood that knowledge of the complaint had circulated about the community so as to have had relevant effect upon the defendant's *1361 reputation prior to the commission of the offense on trial. The jury was never informed of the exact purpose of the interrogation either at the conclusion thereof or in the jury charge. Under these circumstances, to allow the prosecutor to propound questions during the rape trial asserting that defendant previously had attempted a rape involving a specific victim, date and place virtually invited the jury to find that defendant had committed the prior crime and to conclude that he was more than likely guilty in the case on trial because of his predisposition to commit rape.
In reviewing the questions propounded by the state in the instant case, I am convinced that the asserted dangers of our present practice are real and that some regulation of character witness examination is necessary. The legitimate function of the prosecution in subjecting the character witness's testimony to the crucible of cross-examination to enable the jury to assess his familiarity with defendant's reputation and the quality of his report thereof can be performed without the suggestion or assertion of facts in such a way as to arouse undue prejudice within the jury. In order to promote this legitimate function of the prosecution and to insure that a defendant is protected from possible abusive cross-examination, I believe that the safeguards which have been advocated by the scholars, Wigmore and McCormick, approved by the United States Supreme Court in Michelson v. United States and articulated by the New Jersey Superior Court should be adopted.
Such a position is to some extent inconsistent with previous opinions of this Court. See, e. g., State v. Harvey, 329 So.2d 731 (La.1976); State v. Knight, 323 So.2d 765 (La.1975); State v. Ivy, 307 So.2d 587 (La. 1975); State v. Banks, 307 So.2d 594 (La. 1975); State v. Daniels, 262 La. 475, 263 So.2d 859 (1972); State v. Simpson, 247 La. 883, 175 So.2d 255 (1965); State v. Powell, 213 La. 811, 35 So.2d 741 (1948); State v. Jacobs, 195 La. 281, 196 So. 347 (1940). However, it should be pointed out that in State v. Banks, supra, in which we carefully considered the reputation rebuttable issue, this Court recognized that the prevailing practice was not without the danger of abuse and warned against bad faith inquiry about prior arrests. Although I find no actual bad faith on the prosecutor's part in the instant case, the substantial likelihood of undue prejudice calls for redress, and the need for the safeguards foreshadowed in Banks has now become too pressing to ignore.
Accordingly for the reasons assigned, I respectfully dissent.
NOTES
[1] The question was phrased in various other forms, but all contained essentially the same substance. All incorporated in one form or another a "did you know" inquiry as opposed to a "have you heard" query.
[2] After the first witness was allowed to answer, over the defendant's objection, defense counsel took the lead and asked the question of subsequent witnesses on direct. We believe this was done in an attempt to lessen the impact of the inquiry when made by the State. We do not view the defensive action taken by counsel as a waiver of his objection to the original ruling, however.
[1] Other forms of the question used were as follows:

"Q. Did you know a complaint had been lodged upon him by the [X's], who are his neighbors, in connection with attempted aggravated rape of Mrs. [X]? * * *
"Q. Now, are you familiar with the fact that they made a complaint with Caddo Parish Sheriff's Department in connection with an attempted rape of Mrs. [X] by the defendant here, Charles Bagley; are you familiar with that? * * *
"Q. Are you familiar with the fact that during this alleged rape that Mr. Bagley was supposed to have choked this lady, Mrs. [X]? Are you familiar with that? * * *
"Q. You were not familiar with the complaint lodged by them against Mr. Bagley that he attempted to rape Mrs. [X] in 1973, I believe it was? You are not familiar with that? * *
"Q. You are not familiar with the fact that the Sheriff's Department came out and made an investigation?"