JJDOUCET, Chief Judge.
On October 1, 1998, the Juvenile, L.T[1]., was charged with one count of simple battery, a violation of La.R.S. 14:35. She was arraigned and pled not guilty to the charge on December 8, 1998. Subsequently, on January 26, 1999, the trial court adjudicated the Juvenile a delinquent as charged. On that same date, the trial court sentenced the Juvenile to six months in the Department of Corrections, suspended, and seven months supervised probation. The trial court imposed “all the usual conditions of probation,” plus the following special conditions: 1) Complete sixteen hours of community public service work; 2) No attendance at the 1999 Fais Do Do; 3) No contact with, communication with or harassment of the victim, M.F.; and 4) Pay a probation fee of ten dollars per month while under supervision. The Juvenile now appeals her adjudication, alleging three assignments of error.
|2FACTS
While attending the Sugarcane Festival’s Fais Do Do, the Juvenile approached M.F., another juvenile, apparently wanting *150 to discuss a disagreement between the two. The victim asked the Juvenile to leave her alone. The Juvenile did not leave, and persisted in the conversation. According to testimony at trial, the Juvenile then grabbed the victim by the face and squeezed her cheeks. Friends that were standing nearby pulled the two girls apart. Each girl then went her separate way. The Juvenile was later arrested for simple battery.
ERRORS PATENT
Although the Louisiana Children’s Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review, this court has found that such a review is mandated by La.Ch.Code art.104 and La.Code Crim.P. art. 920. State in the Interest of J.C.G., 97-1044 (La.App. 3 Cir. 2/4/98); 706 So.2d 1081. After conducting an error patent review, we find there are four errors patent.
First, in imposing sentence, the trial court imposed all “the usual conditions” of probation without specifically stating the conditions for the record. La.Ch.Code art. 899(B)(1) provides for two mandatory conditions to be imposed when a juvenile is placed on probation. Section (B)(2) of that article lists seven other conditions which may be imposed. The trial judge did not state that he was referring to the two mandatory provisions listed in section (B)(1) of the article nor did he refer generally to article 899.
We find the trial court’s imposition of “the usual conditions” was not sufficient to impose the mandatory conditions set forth in La.Ch.Code art. 899. Thus, the |3sentence is indeterminate. Hence, the Juvenile’s sentence is vacated and the case is remanded for the imposition of a determinate sentence.
Second, the Juvenile was not given credit for time served in a secure detention prior to imposition of disposition. ■ La.Ch. Code art. 900(A) provides in pertinent part, “[t]he court shall give a child credit for time spent in secure detention prior to the imposition of disposition.” Thus, we order the trial judge to amend the disposition to reflect that the Juvenile is given credit for time she served in a secure detention prior to imposition of disposition. See La.Ch.Code art. 104; La.Code Crim.P. art. 882(A); and La.Ch.Code art. 900(A).
Third, the Juvenile was not informed of the three-year prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Although'no similar provision exists in the Children’s Code, this court has previously held such notice should be given. See State in the Interest of J.C.G., 97-1044; 706 So.2d 1081. Thus, upon re-sentencing, we direct the district court to inform the Juvenile of the provisions of article 930.8 and to file written proof that the Juvenile received the notice in the record of the proceedings.
Finally, the trial court failed to issue a written judgment of disposition as required by La.Ch.Code art. 903. Thus, upon remand, we order the trial court to render a written judgment of disposition in accordance with La.Ch.Code art. 903.
ASSIGNMENT OF ERROR NO. 1
The Juvenile claims the trial court erred in not allowing her trial counsel to introduce evidence of the victim’s history of filing false police reports. During her examination of the victim, defense counsel asked the victim if she had filed a previous police report against the Juvenile before she filed the police report at issue. |4The City Prosecutor immediately objected, arguing the question was not relevant. Defense counsel replied, “Judge, I’m trying to show the ... the credibility of this witness. She files false police reports and names all kind of, uh, ... ” The trial court sustained the Prosecutor’s objection, stating, “If she files false police reports, go see the police department and file criminal charges against her ... I don’t want to hear all that.” Later, during the examination of H.K., a witness to the incident, defense counsel asked H.K. if she had problems *151 with the victim filing police reports against her. The City Prosecutor immediately objected, and the trial court sustained the objection without giving reasons. Finally, during her questioning of T.M., another witness to the incident, defense counsel asked if T.M. had problems with the victim in the past, to which T.M. responded, “Yes ma'am.” Defense counsel then asked, “Isn’t it true she’s accused you of hitting her?” The City Prosecutor objected, and the trial court sustained the objection.
Citing La.Code Evid. arts. 405(A) and 608(C), the Juvenile claims she should have been able to question the witnesses about the victim’s past history for filing false police reports. The Juvenile also claims that other witnesses would have been called had the trial judge allowed such an inquiry. In response, the State claims the Juvenile failed to establish the existence of the prior reports and failed to establish their falsity. The State further argues that it is difficult to assess the Juvenile’s claim since the Juvenile failed to proffer the police reports. Acknowledging that some police reports were filed in the record, the State argues the Juvenile submitted no proof that such reports were false.
La.Code Evid. art. 405(A) provides:
A. Reputation. Except as provided in Article 412, in all cases in which evidence of character or a trait of character of a person is | Sadmissible, proof may be made by testimony as to general reputation only. On cross-examination of the character witness, inquiry is allowable into relevant specific instances of conduct.
La.Code Evid. art. 608(C) provides:
C. Cross-examination of character witnesses. A witness who has testified to the character for truthfulness or untruthfulness of another witness may be cross-examined as to whether he has heard about particular acts of that witness bearing upon his credibility.
We find the trial court was correct in disallowing testimony regarding the victim’s filing of false police reports in the past. Such evidence is not general reputation evidence; rather, it is evidence of specific instances of prior misconduct. Although a character witness may be cross-examined as to relevant specific instances of conduct, ’ the witnesses questioned by defense counsel in the present case were not character witnesses. The supreme court explained the rationale behind the restriction on character evidence as follows:
When a defendant chooses to place his character at issue by introducing evidence of his good character, the State is permitted to rebut such evidence either by calling witnesses to testify to the bad character of the defendant, or by impeaching the defense witnesses’ ability to testify to the defendant’s character. This Court has adopted the position that the cross-examination of a character witness may extend to his knowledge of particular misconduct, prior arrests, or other acts relevant to the particular moral qualities as are pertinent to the crime with which the defendant is charged. R.S. 15:480; State v. Frentz, 354 So.2d 1007 (La.1978); see also State v. Harvey, 329 So.2d 731 (La.1976); State v. Knight, 323 So.2d 765 (La.1975); State v. Ivy, 307 So.2d 587 (La.1975); State v. Banks, 307 So.2d 594 (La.1975). The purpose of such inquiries is to expose the witnesses’ possible lack of knowledge regarding the character of the defendant, or the witnesses’ standard of evaluation.
State v. Bagley, 378 So.2d 1356, 1358 (La. 1979).
Since the witnesses from whom defense counsel sought information regarding the victim’s past history for filing false police reports were not character witnesses, [ fiwe find the trial court did not err in disallowing defense counsel’s questions. Thus, this assignment lacks merit.
*152 ASSIGNMENT OF ERROR NO. 2
 The Juvenile claims the evidence was insufficient to convict her of simple battery. In a juvenile case, the burden of proof is no less strenuous than the proof standard required in a criminal proceeding against an adult. State, In Interest of Tatom, 463 So.2d 35 (La.App. 5 Cir.1985). The State has the burden of proving, beyond a reasonable doubt, that the juvenile committed the delinquent act alleged in the petition. La.Ch.Code art. 883. The due process standards announced in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) apply in evaluating the sufficiency of evidence to support an adjudication of delinquency in a juvenile matter. State in Interest of T.L., 514 So.2d 217 (La.App. 5 Cir.1987).
Additionally, appellate review in juvenile delinquency proceedings extends to both law and facts. La. Const, art. V, § 10(B) (1974); State in Interest of Wilkerson, 542 So.2d 577 (La.App. 1 Cir.1989). The court in Wilkerson stated:
In a juvenile case, when there is evidence before the trier of fact that, upon its reasonable evaluation of credibility, furnished a factual basis for its finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Reasonable evaluation of credibility and reasonable inferences of fact should not be disturbed upon review.
Id. at 581 (citations omitted).
The Juvenile does not specify which elements of simple battery the State failed to meet. Rather, the Juvenile simply argues the trial court should not have discounted the testimony of the defense witnesses. Although the Juvenile presented witnesses who testified that the Juvenile- did not touch the victim, the State introduced witnesses who stated the Juvenile did. Specifically, B.S., a witness to the incident, testified |7that the Juvenile walked up to the victim and asked to talk to her. According to B.S., the victim told the Juvenile that she did not want to talk. Then, the Juvenile grabbed the victim’s face, trying to get the victim to look at her and to talk. The victim continued asking the Juvenile to leave her alone, until the two were separated by friends. In his ruling, the trial court stated it believed the testimony of B.S. and another witness because they did not have an “axe to grind with anybody.” The other witness, J.L., was also present when the incident took place, but did not actually see the Juvenile grab the victim. J.L. saw the Juvenile approach the victim and ask to talk. The victim responded she did not want to talk. At that point, J.L. turned to look around and the victim’s back ran into her side. When J.L. looked back, the Juvenile’s hands were up and no one else was standing around. Thus, J.L. concluded the Juvenile pushed the victim.
Considering the above testimony, we find the State presented sufficient evidence to convict the Juvenile of simple battery. Although the Juvenile presented testimony to refute the evidence presented by the State, the trial court chose to believe the latter. Thus, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3:

The Juvenile claims she was prejudiced by the fact that the trial judge had access to hearsay evidence that was not introduced at trial. The Juvenile refers to the following colloquy between the City Prosecutor and the trial judge:
Q: Your Honor, would you have a written statement in the file because I don’t have one in mine.
A: I can look.
* * *
I «BY JUDGE ROBERT L. SEGURA: I don’t see a written statement. I mean, I don’t know, maybe ... maybe a verbal. But I see no written statements in here from her.
Questioning of the witness resumed without any objection. On appeal, the Juvenile also claims:
*153 It was evident throughout the proceedings that the trial judge knew more about the case than was apparent from the proceedings at trial, including the fact that he sustained the prosecutor’s objection reference to the victim’s pattern of filing false police reports, almost before he was made aware of the defendant’s basis for the question.
Because the Juvenile failed to raise an objection to the trial court’s alleged knowledge of facts outside of the record, we find she has not preserved the issue for review on appeal. La.Code Crim.P. art. 841. Thus, this assignment also lacks merit.
DISPOSITION
The Juvenile’s adjudication is affirmed. The disposition, is vacated, and the case remanded for imposition of a determinate disposition and a written judgment of disposition in accordance with La.Ch.Code art. 903. Upon remand, the trial court is ordered to grant the Juvenile credit for time spent in a secure detention prior to the imposition of the disposition as per La.Ch.Code art. 900 and to inform the Juvenile of the provisions of La.Code Crim.P. art. 930.8.
ADJUDICATION AFFIRMED; DISPOSITION VACATED AND CASE REMANDED.
AMY, J., CONCURS AND ASSIGNS REASONS.

. Throughout the opinion initials are used for all parties and witness to protect the identity of the juveniles involved,