NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-965

STATE OF LOUISIANA

IN THE INTREST OF B.R.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. JC-2013-191
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Jimmie C. Peters, Judges.

AFFIRMED IN PART; VACATED IN PART;
AND REMANDED.

Michael Harson
District Attorney, 15th Judicial District Court
P. O. Box 3306
Lafayette, LA 70502-3306
Telephone: (337) 262-8654
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Carolyn Cole
Public Defenders Office
600 Jefferson Street – Suite 902
Lafayette, LA 70501
Telephone: (337) 232-9345
COUNSEL FOR:
    Defendant/Appellant - B.R.

**THIBODEAUX, Chief Judge.**

B.R. [1] appeals the trial court's adjudication of delinquency and imposition of fifteen days of juvenile detention for battery of a police officer.

I.

## ISSUES

We must decide whether the trial court erred:

(1)     in adjudicating B.R. a delinquent for battery of an officer;

(2)     in imposing an indeterminate disposition;

(3)     in failing to give B.R. credit for time served in detention prior to imposing the disposition; and

(4)     in failing to inform B.R. of the two-year prescriptive period for filing for post-conviction relief.

II.

## FACTS AND PROCEDURAL HISTORY

In February 2013 the State charged the juvenile, B.R., with simple battery of police officer Beau Navarre, a violation of La.R.S. 14:34.2. B.R. was arraigned, and he entered a denial to the charge. Following trial, B.R. was adjudicated delinquent based on the criminal charge brought against him. The trial court ordered fifteen days in detention, but stayed the disposition pending appeal.

B.R. contends that the trial court erred in adjudicating him delinquent for the offense of battery of a police officer because the State failed to prove the elements of the offense beyond a reasonable doubt. He further contends that the trial court erred in imposing an excessive disposition. We find that B.R.'s

---

[1]The Juvenile's initials are used in accordance with Uniform Rules—Courts of Appeal, Rule 5-2.

disposition must be vacated due to errors patent. However, we affirm his adjudication as a delinquent for the battery offense.

## III.

## LAW AND DISCUSSION

This court has found that a juvenile criminal proceeding is entitled to an errors patent review under La.Ch.Code art. 104 and La.Code Crim.P. art. 920. *See State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. Here, we find three errors patent.

## ERRORS PATENT

First, we find that the trial court imposed an indeterminate disposition, and the disposition must, therefore, be vacated for that reason. More specifically, the transcript of the disposition indicates that the court ordered B.R. to serve "fifteen (15) days in detention." B.R. was adjudicated a delinquent based on a misdemeanor grade delinquent act.[2] Louisiana Children's Code Article 899 provides in pertinent part:

> A. After adjudication of a misdemeanor-grade delinquent act, the court may:
>
> . . . .
>
> C. The court may commit the child to the custody of a private or public institution or agency. When commitment is to be made to a private institution or agency, the court shall:
>
> (1) Select one that has been licensed under state law, if licensure is required by law for such an institution or agency.

---

[2] The petition alleges that B.R. committed a simple battery of a police officer in violation of La.R.S. 14:34.2.

2

(2) Whenever practicable, select an agency or institution of the same religious faith as the child or his parents.

D. If the child is thirteen years of age or older at the time of the commission of the delinquent act, the court may commit the child to the custody of the Department of Public Safety and Corrections, with or without a recommendation that the child be placed in alternative care facilities through the department's client placement process, or be referred to appropriate placement resources in the state available through other public or private agencies.

Here, the trial court's imposition of "detention" makes it unclear *where* B.R. was committed to custody. Accordingly, B.R.'s disposition is indeterminate and must be vacated. The case is, therefore, remanded for imposition of a determinate disposition.

Next, the record does not indicate that the trial court gave B.R. credit for time spent in secure detention prior to the imposition of the disposition, as required by La.Ch.Code art. 898(A). In *State in the Interest of J. F.*, 03-321, p. 8 (La.App. 3 Cir. 8/6/03), 851 So.2d 1282, 1287, we explained in pertinent part:

[W]e note that the trial court failed to give J.F. credit for predisposition time served in a secure detention facility. Louisiana Children's Code Article 898(A) provides, in pertinent part, that "[t]he court shall give a child credit for time spent in secure detention prior to the imposition of disposition." While we recognize that the 1997 amendment to La.Code Crim.P. art. 880 releases us from recognizing the trial court's failure to give credit for time served as an error patent in adult criminal cases, we also recognize that the legislature did not amend La.Ch.Code art. 898(A). Consequently, we find it necessary to continue to recognize as an error patent the trial court's failure to give credit for time served in juvenile cases.

Accordingly, the trial court is ordered to give B.R. credit for time served in a secure detention facility before the imposition of any new disposition.

3

Finally, the trial court failed to inform B.R. of the two-year prescriptive period for filing for post-conviction relief. Such notice is a requirement under La.Code Crim.P. art. 930.8 and should have been given in this juvenile case pursuant to La.Ch.Code art. 104. *State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081, and *State ex rel. J. F.,* 851 So.2d 1282. Accordingly, the trial court is ordered to inform B.R. of the provisions of Article 930.8 at the new disposition proceeding.

## INSUFFICIENCY OF THE EVIDENCE

B.R. contends that the trial court erred in adjudicating him delinquent for the offense of battery of a police officer because the State failed to prove the elements of the offense beyond a reasonable doubt. We disagree.

> In a juvenile proceeding, the state's burden of proof is the same as in a criminal proceeding against an adult-to prove beyond a reasonable doubt every element of the offense alleged in the petition. La. Ch.Code art. 883; *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). "In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). . . . [T]he appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *State v. Captville*, 448 So.2d 676, 678 (La.1984).

*State ex rel D.P.B.*, 02-1742, pp. 4-5 (La. 5/20/03), 846 So.2d 753, 756.

Here, B.R. was adjudicated delinquent for simple battery of a police officer, which is "a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty." La.R.S. 14:34.2(A)(1). "Battery is the intentional

4

use of force or violence upon the person of another." La.R.S. 14:33. The term police officer includes "commissioned police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, federal law enforcement officers, constables, wildlife enforcement agents, state park wardens, and probation and parole officers." La.R.S. 14:34.2(A)(2).

Officer Beau Navarre, an employee of the Broussard City Police, was working parade duty during Mardi Gras on February 2, 2013, clearing parking lots. During that time, he received a call regarding another officer's need for assistance in the Chase Bank parking lot. When Officer Navarre arrived at the parking lot, he saw two juveniles engaged in a physical altercation. Officer Navarre stated that he stepped between the two to break them up. Officer Navarre then testified:

> [T]he other juvenile, said some vulgar words and put his hands on me and pushed me away. So I grabbed him to take him down and put him in handcuffs. He was resisting. And this juvenile here jumped on my back, and that officer, the Sheriff's deputy that charged [B.R.] is – that was the reason why.

Officer Navarre testified that he did not give B.R. permission to jump on his back. Officer Navarre further testified that he did not see who jumped on his back because he was focused on the juvenile on the ground.

Officer Matthew Soileau, an employee of the Lafayette Sheriff's Office, was also on parade duty the day of the incident. Officer Soileau testified that when he arrived on the scene, juveniles were fighting, and he saw Officer Navarre "grab one of the juveniles to take him off, and that's when I [saw] the defendant right there grab Officer Navarre and say, [']Get off my brother, get off my brother,['] pulling him. And that's when I detained the defendant." Officer

5

Soileau identified B.R. and reiterated that he had grabbed and pulled Officer Navarre from the back.

Nicole Burgess testified that she was with B.R.'s mother on the date in question; that B.R.'s brother was fighting with his girlfriend; and that B.R. attempted to stop his brother and had him restrained on the ground. Burgess testified that the police arrived, started hitting and kicking the juveniles, choked B.R and his mother, and put them on the ground. Burgess testified that she did not see B.R. touch an officer or jump on one's back but indicated that she lost sight of him at some point and did not see what happened when he and his brother were separated.

Laurie Campbell testified that she was with B.R. and his family on the date in question. During that time, B.R.'s brother was upset, ran off, and ended up in the Chase Bank parking lot. Campbell testified that the police came running out of nowhere, kicked B.R., kneed his brother, and grabbed his mother from behind and choked her. Campbell further testified that the boys were in a huddle on their knees and that she did not see B.R. pin his brother down. She said B.R. was hollering and screaming but did not jump on top of anyone.

B.R. testified that he was holding his brother's hands down so his brother could not get up and admitted that he could have appeared to be pinning someone down. He testified that when his mother arrived at the Chase Bank parking lot, he was holding his brother down. B.R. stated that he was suddenly hit from the back and then kicked. He denied touching any of the officers. B.R. indicated that he was thirteen years old and in the eighth grade. He claimed to have suffered internal bleeding as a result of the incident.

On appeal, B.R. asserts that Officer Soileau was the only witness who testified that he battered Officer Navarre and that Officer Navarre could not identify who contacted him. He further asserts that he, Burgess, and Campbell all testified that the police were beating children; and, thus, the State failed to present sufficient evidence to establish his guilt beyond a reasonable doubt.

"An essential element of battery—defined as the intentional use of force or violence upon the person of another—is physical contact whether injurious or merely offensive." *State v. Dauzat*, 392 So.2d 393, 396 (La.1980) (footnote omitted). While performing a double jeopardy analysis in *State v. Papillion*, 10-1317, p. 10 (La.App. 3 Cir. 5/4/11), 63 So.3d 414, 422, *writ denied*, 11-1149 (La. 11/18/11), 75 So.3d 447, this court stated that the defendant committed a battery upon the victim by pushing her shoulders, causing her to lose her balance and fall backwards. In *State v. Cooks*, 11-342 (La.App. 4 Cir. 12/14/11), 81 So.3d 932, 940, *writ denied*, 12-112 (La. 5/18/12), 89 So.3d 1189, the fourth circuit stated that Floyd committed a simple battery when he pushed the defendant onto a sofa. In *State ex rel. L.T.*, 99-487, pp. 6-7 (La.App. 3 Cir. 10/13/99), 747 So.2d 148, 152, the juvenile's act of grabbing the victim's face, in an attempt to have the victim look at her, constituted simple battery.

"[T]he juvenile court's factual findings and credibility determinations and assessment of the weight of particular testimony must be afforded great deference." *State ex rel. D.P.B.*, 846 So.2d at 760. Clearly, the trial court chose to believe Officer Navarre's testimony that someone jumped on his back without his consent and Officer Soileau's testimony that he saw B.R. pulling Officer Navarre. We cannot say the trial court's finding is clearly wrong. Thus, we find that the

State proved beyond a reasonable doubt that B.R. committed a battery upon Officer Navarre, and his adjudication as delinquent should be affirmed.

## EXCESSIVE DISPOSITION

B.R. contends that the trial court erred in imposing an excessive disposition. This assertion is moot as we have vacated B.R.'s disposition due to errors patent.

IV.

## CONCLUSION

Based upon the foregoing, B.R.'s adjudication as delinquent is affirmed. We vacate the disposition and remand the case for a determinate disposition in accordance with La.Ch.Code art. 899. The trial court is instructed to give B.R. credit for any time served in a secure detention facility, pursuant to La.Ch.Code art. 898(A), before the imposition of any new disposition. Additionally, the trial court is ordered to inform B.R. of the provisions of La.Code Crim.P. art. 930.8 at the new disposition proceeding.

**AFFIRMED IN PART; VACATED IN PART; AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.