SCHOTT, Chief Judge.
This is an attempt by plaintiff to stack uninsured motorist (UM) coverage provided on an owned automobile with the policy limits of UM coverage she collected on a leased automobile. The trial court dismissed her suit and she has appealed. The issue is whether an endorsement on the policy of insurance which was not a part of the binder is effective with respect to an accident which took place after the binder was issued, but before the policy was issued.
On July 3, 1985, plaintiff entered into a five-year lease of a 1985 BMW. On this date, she applied for insurance with defendant, State Farm Mutual Automobile Insurance Company, and was issued a binder for $100,000 of insurance including UM coverage. At this time, plaintiff and her husband owned a 1979 Triumph automobile and a 1973 BMW and they had a State Farm Insurance policy on each automobile providing $100,000 of UM coverage.
On July 6, 1985, while plaintiff was a passenger in the 1985 BMW, it was involved in a collision. She was seriously injured and collected the policy limits of $100,000 under the UM coverage of the policy on the 1985 BMW. She sought to stack the $100,000 of UM coverage from one of the policies issued by State Farm on the owned vehicles, but she was denied recovery on the basis of an endorsement in the 1985 BMW policy which provides:
“It is agreed:
1. That the motor vehicle described in your policy shall be considered as owned by you while it is rented to you from the owner under a long-term contract.”
This endorsement is significant because the policies on the owned automobiles exclude UM coverage if the insured is injured while occupying an owned vehicle, but they provide Um coverage, i.e. permit stacking of one policy, if the insured is occupying a non-owned vehicle when injured.
Plaintiff contends that the endorsement was ineffective because it was not a part of the binder issued on July 3. She argues that the binder was a contract separate from the policy which was not delivered until after the accident and that the endorsement did not apply to the insurance afforded by the binder.
*18 When plaintiff applied for the insurance on July 3, she completed and signed an application. In the box provided for her signature, she certified that she read the application. Just above this box containing the certificate and her signature is another box labeled “BINDER”. This provided that State Farm was binding the insurance applied for “subject to all of the terms and conditions of the automobile policy and applicable endorsements in current use by such Company.” (Emphasis ours)
State Farm established that the endorsement in its present form had been in use since September 20, 1982, and was a part of over 7000 policies issued in Louisiana at the time of the issuance of the policy on the 1985 BMW. Thus, the endorsement was “applicable” since the automobile was rented under a long term contract and was “in current use” by the company at the time plaintiff signed the application and received the binder.
Plaintiff got exactly what she bargained for. By signing the application and certifying that she read the application, she charged herself with the knowledge that the binder was subject to the endorsement which would treat the leased automobile like an owned one and preclude stacking the UM coverage. Even if plaintiffs argument that the binder was a contract separate from the policy had merit, stacking was precluded because the binder itself incorporated the endorsement by reference and plaintiff clearly agreed to this.
In any event, we do not find that a binder is a contract which stands independently from the policy. LSA-R.S. 23:631 provides: “A ‘binder’ is used to bind insurance temporarily pending the issuance of the policy.” This surely connotes that the binder is tied to and connected with a policy. It is not an autonomous, independent contract.
Plaintiffs argument that State Farm’s position enabled it to avoid its obligation after the fact of the accident by manufacturing an endorsement has no merit because it is only those endorsements “in current use” to which the plaintiff agreed when she accepted the binder.
Plaintiff asserts that 2d Couch on Insurance Sections 14:35-37 (1989) is authority for the requirement that an insurer may not issue a policy which is at variance with the binder, especially after the loss has occurred. In the first place, there is no variance between the binder and the policy in this case. Furthermore, a complete reading of these sections in Couch readily demonstrates that our opinion is consistent with settled law on the subject.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.