669 So.2d 709 (1996)
Dennis W. SIMS, Sr., Plaintiff-Respondent,
v.
INSURANCE UNLIMITED OF WEST MONROE and Illinois National Insurance Company, Defendants-Applicants.
No. 28234-CW.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1996.
Writ Denied May 3, 1996.
*710 Joseph D. Cascio, Jr., Martin Shane Craighead, Monroe, for Applicants.
Patrick H. Wright, Jr., Monroe, for Respondent.
Before NORRIS, STEWART, JJ., and CLARK J. Pro Tem.
CLARK, Judge Pro Tem.
Defendant, Illinois National Insurance Company, seeks review of the trial court's granting of plaintiff's, Dennis Sims, Sr., motion for summary judgment on the issue of insurance coverage. The trial court held that the automobile insurance policy at issue afforded coverage to plaintiff for damages sustained to his truck in an accident that occurred in Mexico. We affirm.

Facts
The facts of this case are not in dispute. The plaintiff secured "full" insurance coverage with defendant for his vehicle on December 21, 1994 by applying with his insurance agent, Insurance Unlimited of West Monroe,[1] and paying the applicable premium. On December 23 or 24, 1994, the plaintiff traveled to Mexico and while there was involved in an automobile accident. Upon his return to West Monroe on January 4, 1995, the plaintiff filed a claim with his insurance agent. On January 9, 1995, the insurance agent informed plaintiff that there was a problem with the claim because the accident occurred in Mexico. On January 13, 1995, the plaintiff received a written copy of the insurance policy from the defendant.
The defendant denied the plaintiff's claim because the insurance policy limited coverage to accidents occurring in the United States, its territories or possessions, Puerto Rico, or Canada.
The plaintiff filed a motion for summary judgment alleging that (1) the insurance company took an unreasonable period of time to deliver the policy (23 days), thereby rendering the limitations ineffective, and (2) no exclusions or limitations of coverage were communicated to him at the time he purchased the policy and, thus, no such limitations should be effective until the written policy was actually delivered. The trial court granted summary judgment holding that the *711 limitation or exclusion on coverage such as the one at issue should have been communicated to the insured and thus, the limitation was not effective at the time of the accident.
The defendant sought supervisory review of the trial court's judgment. This court granted the writ and docketed for review. Sims v. Insurance Unlimited of West Monroe and Illinois National Insurance Co., 28,234-CW (October 5, 1995).

Discussion
A summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966(B). A summary judgment may be rendered on the issue of insurance coverage alone. LSA-C.C.P. Art. 966(D). Appellate courts review summary judgment de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Weeks v. Bossier Parish School Board, 26,927 (La.App. 2 Cir. 5/10/95) 655 So.2d 590.
In the instant case, there are no disputed issues of fact. The only issues are whether the policy limitation, which was not communicated to the insured, was applicable before the delivery of the policy and whether the written policy was delivered within a reasonable time.
We agree with the trial court that the written policy was delivered within a reasonable period of time under the circumstances as required by LSA-R.S. 22:634. It is undisputed that the policy was delivered within 23 days of the plaintiff's application. Considering that the Christmas and New Year's holidays fell within these 23 days, we cannot say that this period of time was unreasonable.
We also agree with the trial court that the policy limitation which excludes coverage for claims originating in Mexico should have been communicated to the insured. In the instant case, plaintiff requested "full coverage" of insurance on his vehicle. He did not receive a binder which informed him, nor does the application state, that the insurance he was purchasing was subject to the terms and conditions of the policy contract. See Trascher v. Foster, 559 So.2d 16 (La.App. 4th Cir.), writ denied, 563 So.2d 878 (La.1990). Nor did the insurance agent discuss with plaintiff the exclusions and limitations of the policy he was purchasing. See Mamou Farm Services, Inc. v. Hudson Insurance Co., 488 So.2d 259 (La.App. 3rd Cir.1986). Insurance policy exclusions are not valid unless clearly communicated to the insured. Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London, 616 So.2d 1250 (La.1993). Notice of any exclusionary provisions is essential because the insured will otherwise assume the desired coverage exists. Louisiana Maintenance, supra.
Although Louisiana Maintenance involved a non-delivered policy, the legal principle is valid that exclusions or limitations on coverage in a policy should be clearly communicated to the insured at the time of the issuance of the binder. The insurer or its agent could furnish a sample policy listing the exclusions and limitations that will be in the policy at the time the binder is issued. Alternatively, the insurer could easily state in the application that the coverage is subject to the terms and conditions contained in the written policy to be delivered at a later date. Either step would put the insured on notice that the insurance coverage was subject to certain limitations. It is the absence of such notice that created the problem in this case.
The territorial exclusion is acknowledged by defendant to be a usual and customary provision. It cannot be equally asserted that one purchasing a policy, such as this plaintiff, would be aware of such an exclusion or limitation. It is the duty of the insurer or its agent duly authorized to issue a binder for insurance coverage to take reasonable means to notify the insured of those exclusions which would have a material bearing on his understanding of the coverage he was obtaining. The absence of notice of the territorial exclusion in this case denied plaintiff *712 of a full understanding of the coverage he was seeking to obtain.

Conclusion
For the foregoing reasons, we affirm the summary judgment of the trial court. Costs are assessed to Illinois National Insurance Company.
AFFIRMED.
NOTES
[1] Insurance Unlimited, also a party to this action, was not made a part of the plaintiff's motion for summary judgment.