706 So.2d 1081 (1998)
STATE of Louisiana, Plaintiff-Appellee,
In the Interest of J.C.G., Defendant-Appellant.
No. 97-1044.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1998.
*1082 Robert Richard Bryant, Jr., Mike K. Stratton, Lake Charles, for State.
John Coffman, PDO, Lake Charles, for J.C.G.
Before THIBODEAUX, GREMILLION and PICKETT, JJ.
PICKETT, Judge.
On February 1, 1997, at approximately 8:00 p.m., Albertson's store manager, David Swissler, observed the Juvenile, J.C.G., leave the store with what looked like a bottle in his pant's pocket. Mr. Swissler caught the Juvenile in the parking lot of the store and escorted him back inside the store. Mr. Scott Sonnier, another manager, helped escort the Juvenile to the manager's office. Once in the office, the managers removed a bottle of liquor from the Juvenile's pants. While Mr. Swissler checked to see if the Juvenile's friends were still in the store, the Juvenile attempted to run for the door. Mr. Sonnier grabbed the Juvenile and they fell toward the wall and hit the wall. The impact left a hole in the wall and bloodied the Juvenile's nose.
On February 5, 1997, the Juvenile was charged with one count of theft, a violation of La.R.S. 14:67, and one count of simple criminal damage to property, a violation of La. R.S. 14:56. The Juvenile denied the charges on February 21, 1997. After a trial on April 15, 1997, the Juvenile was found guilty as charged.[1] A disposition hearing was held that same date, at which the trial court ordered the Juvenile "back to the Department of Corrections." A Judgment of Commitment and Order Granting Custody was also filed that date, indicating the trial court imposed the following disposition: 1) Six months for the theft conviction and, 2) Six months for the simple criminal damage to property conviction. The judgment also committed the Juvenile into the custody of the Department of Public Safety and Corrections, Office of Juvenile Services, for a period of time not to exceed one (1) year, less 53 days credit for time served prior to commitment. The Juvenile now appeals his conviction.

ASSIGNMENT OF ERROR
In his sole assignment of error, the Juvenile claims the trial court erred in finding the State proved the requisite intent to commit simple criminal damage to property. The offense of simple criminal damage to property provides in pertinent part:
Simple criminal damage to property is the intentional damaging of any property of another, without the consent of the owner, and except as provided in R.S. 14:55, by any means other than fire or explosion.
After reviewing the following testimony, we find the evidence was not sufficient to prove the Juvenile intended to damage the property at Albertson's.
Scott Sonnier, a manager at Albertson's, gave the only testimony concerning the Juvenile's damage to property. He testified that while in the office of Albertson's, the Juvenile tried to run toward the door. When he did so, Mr. Sonnier "pulled him back and got him *1083 in a bear hug." Then the two fell and hit the wall. Mr. Sonnier also testified that the Juvenile was not saying anything, but just "trying to run and swinging his arms above his head." As a result of them falling into the wall, the sheetrock on the wall was damaged.
The State argues the Juvenile's intent can be inferred from the above testimony:
It is from this testimony that defendant's intent can be inferred. Defendant is trying to escape from his criminal activity, and a wall is destroyed because of his escape attempt. Defendant did not get up and casually walk towards the door, he ran past Mr. Sonnier. Mr. Sonnier reacted because of defendant's escape attempt by catching him with the momentum carrying them into the wall. Defendant intended to escape and this was the result of his escape attempt.
(State's Br., p. 2).
In State v. Barnes, 496 So.2d 1056 (La. App. 4 Cir.1986), the court discussed whether the evidence was sufficient to prove intent for simple criminal damage to property. Concluding the evidence was insufficient, the court stated:
In this case, the only evidence introduced regarding the damaging of the cars was testimony concerning the defendant's use of a jack to raise the cars to remove the rims, tires and hubcaps. The cars in question were allegedly damaged when they fell from the jacks. This evidence, even when viewed in the light most favorable to the prosecution, does not sufficiently prove an intent to damage the cars.

Id. at 1059.
Likewise, the evidence in the present case was insufficient to find the Juvenile intended to damage the wall at Albertson's. Thus, his adjudication on that offense should be reversed and the six (6) month disposition be vacated.

ERRORS PATENT
As noted by this court in State in the Interest of T.T., 96-6 (La.App. 3 Cir. 5/8/96); 677 So.2d 466:
The Louisiana Children's Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review on appeal. However, La.Ch.C. art. 104 states the Louisiana Code of Criminal Procedure governs in matters which are not provided for in the Children's Code. Thus, we are mandated by La.C.Cr.P. art. 920 to conduct an error patent review despite the fact defense counsel did not request it. Id. at 467-468; citing State in the Interest of C.D., 95-160 (La.App. 5 Cir. 6/28/95); 658 So.2d 39, 41.
After conducting an error patent review, there is one error patent.
The Juvenile was not informed of the three-year prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Although no similar provisions exist in the Children's Code, this court has previously held such notice should be given. In State in Interest of A.H., 95-1094 (La.App. 3 Cir. 1/31/96); 670 So.2d 361, 368, this court held:
La.Code Crim.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. Although a similar Children's Code provision does not exist, La.Ch.Code art. 104 provides that when the Children's Code is silent, the Louisiana Code of Criminal Procedure applies. Thus, the juvenile should be advised of the three-year limitation for filing for post-conviction relief.
The court in A.H. also found the failure to so advise does not render the disposition excessive or require a reversal or remand for a new disposition. As noted by the court, the three year prescriptive period does not begin to run until the judgment is final under La.Code Crim.P. art. 914 or 922, so prescription was not yet running. Since the court was reversing the juvenile's adjudication of delinquency, this court merely instructed the trial court to advise the juvenile of the three-year time limit in the event he was once again adjudicated a delinquent. In the present case, the district court is directed to inform the Juvenile of the provisions of article 930.8 by sending appropriate written notice to the Juvenile within ten (10) days of *1084 the rendition of this opinion and to file written proof that the Juvenile received the notice in the record of the proceedings. See State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.1993), writ denied, 623 So.2d 1334 (La. 1993).
Accordingly, the Juvenile's adjudication for simple criminal damage to property should be reversed and the disposition imposed for that offense should be vacated. The Juvenile's adjudication and disposition for theft is affirmed. This case is remanded to the trial court for further action consistent with this opinion.
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.
NOTES
[1] La.Ch.Code art. 884 provides for the trial court to "adjudicate a child delinquent" rather than find him guilty. However, no one has complained of this error.