1CLARENCE E. McMANUS, Judge.
STATEMENT OF THE CASE
In 1999, Plaintiff, Terrence Hall (“Hall”), and his mother, Dorothy Thompson (“Thompson”), sought a replacement life insurance policy on Thompson for $1 million. Thompson had a $1 million policy with New York Life Insurance naming her as the insured, owner and beneficiary. She wanted to replace the insurance policy with a new policy naming her son, Hall, as the owner and beneficiary. She wanted to make these changes for estate planning purposes so that the insurance benefits would be paid directly to Hall and could be used to pay estate taxes without encumbering her assets after her death. Under the New York Life Insurance policy her estate would have to pay thousands of dollars in taxes on the proceeds.
Hall and Thompson decided to obtain a life insurance policy through Valley Forge Life Insurance (“Valley Forge”) and/or Continental Assurance Company (“CNA”). On August 20, 1999, Robert McNamara (“McNamara”) met with Cindy Paulin (“Paulin”), an independent insurance broker for Thompson and Hall, at Paulin’s office to complete the application. McNamara filled out the application, which was already signed by Thompson. The application provided that if no premium was given to the agent with the application, the insurance would not take effect until the application was approved and accepted by the company and the policy was delivered while the health of the person insured remains the same and at least the first premium had been paid in full. The application also indicated a New York Life Insurance policy would be surrendered and the unused premiums from that policy would be applied to the first premium on |sthe replacement CNA policy. Neither Hall nor Thompson paid any premiums for the policy along with the application.
On December 17, 1999, the application for insurance was approved. On January 1, 2000, Thompson died in a car accident. Hall collected on the New York Life Insurance policy and only received $450,000 after the estate taxes were taken from the $1 million policy. Hall then tried to collect on the CNA policy, but coverage was refused.
Hall filed a Petition for Damages naming Valley Forge, CNA and McNamara as defendants. On January 14, 2002, the defendants, Valley Forge, CNA and McNamara filed a motion for summary judgment. On June 7, 2002, Hall amended his petition to add Paulin and the Underwriters as defendants. On June 10, 2002, the trial court heard the motion for summary judgment and granted the motion without reasons and dismissed plaintiffs claims against Valley Forge, CNA and McNamara. This judgment was designated a final judgment and Hall now appeals.
*853 Hall appeals the judgment alleging three assignments of error: 1) the trial court erred by allowing the defendants to rely on non-delivery of the replacement life insurance policy after approval, although non-delivery was attributable to CNA, Valley Forge, McNamara and the Underwriters, 2) the trial court erred when it found that 15 days is a reasonable period between approval of the life insurance policy and notification to the insured, irrespective of the circumstances of the case, when jurisprudence says an unreasonable delay depends on the facts and circumstances of the case, and 3) the trial court erred by making findings of fact and credibility determinations in a summary judgment proceeding. For the reasons set forth below, we affirm the trial court’s judgment granting summary judgment in favor of the defendants.
DISCUSSION
This is a review of a summary judgment granted by the trial court. A summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. LSA C.C.P. art. 966(B). Appellate courts review summary judgment de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Weeks v. Bossier Parish School Board, 26,927 (La.App. 2 Cir. 5/10/95) 655 So.2d 590.
14When applying for life insurance coverage for Thompson with Valley Forge, Hall completed and signed an application. That application contained the following paragraph:
The Proposed Insured(s) and the Applicant, if other than the Proposed Insured/s), agrees that: (1) all statements and answers in this application are complete, true and correctly recorded to the best of my (our) knowledge and belief; (2) if this application is accepted by the Company, the policy applied for and this application will constitute the entire insurance contract; (3) if no premium has been given to the agent with this application, insurance will not take effect until the application is approved and accepted by the Company at CNA Plaza, Chicago, Illinois, 60585 and the policy is delivered while the health of each person proposed for insurance and other conditions remain as described in this application and at least the Minimum Premium for the Quarterly Mode (for Universal Life) or the first premium (for all other plans of insurance) has been paid in full. The acceptance of the policy by the Proposed Insured(s) will ratify any corrections and notations, including amendments of amount, risk calculation, age at issue, plan of insurance or benefits. However, in those states where written consent is required, any such amendment will be made only with the written consent of the Proposed Insured(s) and the applicant, if other than the Proposed Insured(s).
According to the above paragraph, the insurance would take effect only after the first premium was paid in full and the policy was delivered. No premium was paid by Hall when this application was completed. At the time of Thompson’s death, no premium had been paid and the policy had not been delivered. Therefore, according to the application for insurance, the insurance policy was not in effect at the time of Thompson’s death.
Hall has also alleged a cause of action for negligent delay in delivering the *854 policy. He argues that 15 days was an unreasonable length of time between the company accepting the application and delivery of the policy to him. First, we must point out that the trial court did not specifically find that 15 days was a reasonable delay in delivering the policy. The trial court granted the defendants’ motion for summary judgment without reasons and did not make this specific finding.
LSA R.S. 22:634(A) states that “(subject to the insurer’s requirements as to payment of premium, every policy shall be delivered to the insured or to the person entitled thereto within a reasonable period of time after its issuance.” In Sims v. Insurance Unlimited of West Monroe, 28,234 (La.App. 2 Cir. 2/28/96), 669 So.2d 709, the Second Circuit held that twenty three days was a “reasonable period of time” within the meaning of the statute. In Sims, the Christmas and New Year’s holidays fell within the 23-day period and the Court considered these holidays in finding the time to be reasonable. Also in Sims, the premium on the policy had been paid at the time the application was filed.
|fiIn the case at hand, the period of delay in delivering the policy encompassed the Christmas holiday, just as in Sims. The company approved the application on December 17, 1999 and did not deliver the policy before the insured died on January 1, 2000. This case only differs from Sims because the premium had not yet been paid. LSA R.S. 22:634 provides that the delivery of the policy is subject to the insurer’s requirements as to payment of the premium.
We find that payment of the premium is necessary before a claim may be made concerning the reasonableness of the delay in delivering the policy. No premium was paid in this case, therefore, we will not address plaintiffs claim for negligent delay in delivering the policy. Accordingly, the trial court correctly granted defendants’ summary judgment.
In accordance with the above, we affirm the trial court’s judgment granting summary judgment in favor of defendants Valley Forge, CNA and McNamara and dismissing all of plaintiffs claims against these defendants.
AFFIRMED.