NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-538

STATE IN THE INTEREST OF

J.L.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
JEANERETTE CITY COURT
PARISH OF IBERIA, NO. 07-2107
HONORABLE CAMERON B. SIMMONS, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

**ADJUDICATION OF DELINQUENCY AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

Annette Fuller Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-2900
Counsel for Appellant:
J.L.

Walter J. Senette, Jr.
City Prosecutor, City of Jeanerette
St. Mary Parish Courthouse
Franklin, LA 70538
Counsel for State of Louisiana

**PICKETT, Judge.**

## PROCEEDINGS BELOW

The state filed Petitions for Delinquency accusing the juvenile, J.L., of committing delinquent acts on September 16, 2007: one count of aggravated battery, in violation of La.R.S. 14:34; two counts of disturbing the peace by fighting, in violation of La.R.S. 14:103; one count of simple criminal damage to property, in violation of La.R.S. 14:56; and one count of curfew violation, in violation of Jeanerette City Council Ordinance 11-5018.

On December 13, 2007, the trial court conducted an adjudication hearing on the merits of the charges against J.L. Based on the evidence submitted, the trial court adjudicated J.L. to be delinquent based upon the finding that J.L. had committed a delinquent act, which would have been considered aggravated battery if J.L. had not been a child.

The trial court held a disposition hearing on February 28, 2008. The trial court ordered J.L. to be placed in the custody of the Department of Public Safety and Corrections for six months of secure custody, issued a thirty-day intake order, recommended J.L. complete a short-term offender program, provided that J.L may be released upon completion of the program, indicated that the secure custody order may be modified if a non-secure bed becomes available, allowed an extension of the thirty-day intake order should J.L. be admitted into a Youth Challenge Program, and set a 6:00 p.m. to 6:00 a.m. curfew during the time allotted by the intake order.

J.L. now appeals his adjudication of delinquency and judgment of disposition. On May 12, 2008, J.L. filed in this court a "Motion to Consider Case Out of Term" in view of the length of time specified in the judgment of disposition. Although the

1

case is on the September 2008 docket of this court, an opinion will be rendered in advance of the expiration of the time specified in the judgment of disposition. Thus, the "Motion to Consider Case Out of Term" is hereby granted.

## ASSIGNMENTS OF ERROR

The appellant asserts five assignments of error:

1. The evidence introduced at the adjudication hearing of this case when viewed under the *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) standard, was insufficient to prove all of the elements of the offense of aggravated battery beyond a reasonable doubt.

2. The evidence introduced at the adjudication hearing of this case when viewed under the *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) standard, was insufficient to prove all of the elements of the offense of disturbing the peace by fighting beyond a reasonable doubt.

3. The trial court erred in proceeding to an adjudication hearing in this case based upon Petitions for Delinquency filed by someone without court authorization to do so.

4. The trial court erred in imposing indeterminate dispositions in this case.

5. Trial counsel rendered ineffective assistance of counsel at all stages of these proceedings.

## STATEMENT OF FACTS

At the adjudication hearing, Officer Terrance Moore was the first witness to testify for the prosecution. On September 16, 2007, Officer Moore responded to three complaints involving J.L. The first complainants, Jermaine Hopes, Lindsey Derouen, and Travis Levine, stated that I.L., a member of J. L.'s family, and others approached them in a jeep. The complainants asserted that, after exchanging words with the jeep's occupants, shots were fired at the complainants. Officer Moore was unable to locate the suspects.

2

Officer Moore averred that there was a second complaint. There was a large fight between J.L's family and the Hopes family. Officer Moore and Officer Lewis responded to the second complaint. Everyone was gone when the officers arrived.

Officer Moore then testified that, shortly thereafter, he received a third complaint. The Hopes family had called to say that the suspects were at the Hopes' residence. When the officer arrived, he noticed a large group of people, who began to flee on foot as they noticed the officers. Officer Lewis exited her unit and detained one of the people, who was a member of J.L.'s family. The complainants stated that J.L.'s relatives came to their house, fired shots, kicked in the front door, and broke a window. The complainants identified the people involved.

Officer Moore reported that the officers photographed the scene and the people injured. They took a photograph showing Zachary Guyote with a broken and bleeding nose. The officers also photographed Ms. Derouen and the large knot on her forehead. The photographs also show the broken door. The officers issued warrants for the adults involved and cited the juveniles.

Joshua Hopes testified as the state's second witness. Mr. Hopes stated that he did not see J.L. at the Hopes' residence that day. Mr. Hopes saw J.L. at the fight, *i.e.*, the second complaint. Mr. Hopes saw J.L. strike Ms. Derouen with a small black object. As a result, Ms. Derouen had a knot over her eye. Mr. Hopes has some bills from Ms. Derouen's subsequent visit to the hospital.

Ms. Derouen testified as the third witness at the adjudication hearing. Ms. Derouen saw J.L. at the fight. J.L. was standing nearby when she was hit above her left eye. Ms. Derouen went to the hospital and discovered that she had a concussion.

3

Ms. Derouen did not see J.L. at the scene of the third complaint, which occurred at Ms. Derouen's aunt's house.

Mr. Levine was the fourth witness to testify. Mr. Levine saw J.L. standing near the fight. It was too dark for Mr. Levine to see if J.L. hit Ms. Derouen. After the fight, Mr. Levine saw the mark left by the blow. Mr. Levine did not see J.L. at the third incident that night.

Charles Guyote was the next witness. Mr. Guyote was present at the fight. Mr. Guyote had gone out to have a drink when Ms. Derouen and R.P. started the fight. Mr. Guyote did not see the blow that struck Ms. Derouen, but he saw J.L. with the black object used to hit her. The object was a "slapjack" or a "blackjack": two spoons put together and wrapped with black tape. As a result of the blow, Ms. Derouen had a large knot over her left eye. Once Mr. Guyote and others stopped the fight, they returned home, which was when people arrived and started kicking in the door.

After hearing the evidence presented against J.L., the trial court adjudicated him to be delinquent based upon the state's proof showing that J.L. had committed a delinquent act, which would have constituted aggravated battery if performed by an adult:

> Ok, in the matter of State of Louisiana in the interest of J.L. under docket #2107. J.L. is charged on or about September 16th of 2007 with committing an aggravated battery as the principle charge in this matter, on Ms. Lindsey Derouen. Amoung [sic] the witnesses who testified in this matter was Joshua Hopes who's the, I understand it, boyfriend of Ms. Derouen. Who clearly identified the defendant, J.L., as the individual who hit Ms. Derouen with an object in []his hand, which caused a significant injury in accordance with photograph[s] that have been introduced into the record and that object was identified as a black object. Further in [corroboration] of this incident, Mr. Charles Guyote testified. Mr. Guyote testified that[,] although he didn't see the actual blow itself, that [sic] he saw J.L. there and saw the [sic] J.L had an item in his hand which he identified as a slapjack or a blackjack; and [he] testified it's commonly two spoons that are wrapped together with black

4

tape. And as such[,] I am going to find that th[e] object that J.L. had constituted a dangerous weapon and that[,] consistent with the testimony of these witnesses, [who] I find to be credible, that [sic] J.L. did in fact commit an aggravated [battery] on the person of Lindsey Derouen as claimed. I am going to find that the State has in fact carried it's [sic] burden of proving beyond a reasonable doubt that the juvenile committed an act; which[,] if he were an adult[,] would have been a criminal act, specifically that of aggravated battery. Inherent within this battery is that J.L. did in fact Disturb the Peace by Fighting, which is a less[e]r charge[;] however, the testimony further suggests that none of the witness[es] were able to identify, as far as the criminal damage to property that J.L. was at the home of the Derouens or Guyotes later, so as to damage the home. So, I am going to find the State's [sic] failed to carry their burden of proving the Criminal Damage to Property charge against him.

I am going to adjudicate the child to be a delinquent child as a result of the aggravated battery.

## ERRORS PATENT

Although the Louisiana Children's Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review, this court has found that such a review is mandated by La.Ch.Code art. 104 and La.Code Crim.P. art. 920. *State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. After conducting an error patent review, we find several errors patent, and the custody order and court minutes are in need of correction.

Before we address the errors patent, there is a procedural issue worth noting. Two Petitions for Delinquency were filed in this case. One charged J.L. with aggravated battery, a felony-grade charge, and the other charged J.L. with four misdemeanors, disturbing the peace by fighting (two counts), simple criminal damage to property, and a curfew violation. These two petitions do not contain a docket number. However, the minute entries, the transcripts, the motion requesting an appeal, the order granting the appeal, and the Notice of Appeal reflect one trial court docket number, 07-2107. A juvenile is always entitled to an appeal whether he has

5

been adjudicated on a felony-grade offense, a misdemeanor-grade offense, or both. *See* La.Ch.Code arts. 882 and 330. Therefore, all the charges are properly before this court on appeal, and we have conducted an error patent review accordingly.

The trial court judge erred in remanding J.L. to the custody of the "State of Louisiana," instead of the Department of Public Safety and Corrections. At the disposition hearing, the trial court judge stated that, "I am going to commit Mr. J.L. to secure custody for the State of Louisiana for a period of six (6) months[.]" Louisiana Children's Code Article 897 provides, in pertinent part:

> A. After adjudication of any felony-grade delinquent act other than those described in Article 897.1, the court may:
>
> . . . .
>
> D. Except as provided in Article 897.1, the court may commit the child to the custody of the Department of Public Safety and Corrections, with or without a recommendation that the child be placed in alternative care facilities through the department's client placement process, or be referred to appropriate placement resources in the state available through other public or private agencies.

Consequently, we amend J.L.'s disposition to reflect that he be  remanded to the custody of the Department of Public Safety and Corrections, instead of the "State of Louisiana," and instruct the trial court judge to note the amendment in the minute entry.

Second, the record before this court does not indicate the trial court judge gave J.L. credit for time spent in secure detention, if any, prior to the imposition of disposition, as required by La.Ch.Code art. 898(A). In *State in the Interest of J.F.*, 03-321, p. 8 (La.App. 3 Cir. 8/6/03), 851 So.2d 1282, 1287, this court explained in pertinent part:

> [W]e note that the trial court failed to give J.F. credit for predisposition time served in a secure detention facility. Louisiana Children's Code

6

Article 898(A) provides, in pertinent part, that "[t]he court shall give a child credit for time spent in secure detention prior to the imposition of disposition." While we recognize that the 1997 amendment to La.Code Crim.P. art. 880 releases us from recognizing the trial court's failure to give credit for time served as an error patent in adult criminal cases, we also recognize that the legislature did not amend La.Ch.Code art. 898(A). Consequently, we find it necessary to continue to recognize as an error patent the trial court's failure to give credit for time served in juvenile cases.

Accordingly, we hereby amend J.L.'s disposition to give him credit for time served in a secure detention facility before the imposition of disposition, if any, and instruct the trial court judge to note the amendment in the custody order and in the minute entry. *See State ex rel. M.M.,* 06-607 (La.App. 3 Cir. 11/2/06), 941 So.2d 716.

Third, the trial court judge failed to inform J.L. of the two-year prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Although the Children's Code contains no similar provision, this court has previously held that this notice should be given. *State in the Interest of J.C.G.,*, 706 So.2d 1081; *State ex rel. J. F.,* 03-321 (La.App. 3 Cir. 8/6/03), 851 So.2d 1282. The trial court judge is hereby ordered to inform J.L. of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten (10) days of the rendition of this opinion and to file written proof that J.L. received the notice in the record of the proceedings. *See State in Interest of J.C.G.*, 706 So.2d 1081.

Fourth, the custody order and the minute entries of the proceedings of the adjudication and the disposition are in need of correction.

The custody order reflects that J.L. was adjudicated delinquent for the offense of disturbing the peace, and a disposition of ninety days was imposed to run concurrently with the six-month disposition imposed on the offense of aggravated battery. However, the transcript of the adjudication proceedings indicates the trial

7

court judge found J.L. committed only the offense of aggravated battery. Consequently, the trial court judge is hereby ordered to amend the custody order by deleting the provisions regarding the adjudication and the disposition for the offense of disturbing the peace.

Next, the minute entry of the adjudication proceedings provides, in pertinent part:

> FINDING BY THE COURT: THE COURT AFTER CONSIDERATION OF THE LAW AND EVIDENCE FOR THE REASONS THIS DAY ORALLY ASSIGNED FINDS THAT THE ABOVE JUVENILE DID IN FACT COMMIT AN ACT (AGGRAVATED BATTERY, DISTURBING THE PEACE BY FIGHTING AND CURFEW VIOLATION), WHICH IF HE WAS AN ADULT WOULD HAVE BEEN A CRIMINAL ACT. THEREFORE THE COURT FINDS THE CHILD TO BE A DELINQUENT CHILD PURSUANT TO LOUISIANA LAW.
>
> . . . .
>
> THE STATE DISMISSED THE FOLLOWING CHARGE: SIMPLE CRIMINAL DAMAGE TO PROPERTY.

However, the transcript of the adjudication proceedings provides:

> I am going to find that the State has in fact carried it's [sic] burden of proving beyond a reasonable doubt that the juvenile committed an act; which if he were an adult would have been a criminal act, specifically that of aggravated battery. Inherent within this battery is that J.L. did in fact Disturb the Peace by Fighting, which is a less[e]r charge, however, the testimony further suggests that none of the witness[es] were able to identify, as far as the criminal damage to property that J.L. was at the home of the Derouens or Guyotes later, so as to damage the home. So, I am going to find the State's [sic] failed to carry their burden of proving the Criminal Damage to Property charge against him.
>
> I am going to adjudicate the child to be a delinquent child as a result of aggravated battery.

Consequently, the trial court judge is instructed to amend the minute entry of the adjudication proceedings to accurately reflect the finding by the trial court judge

8

set forth in the transcript of the adjudication hearing by deleting the reference to disturbing the peace by fighting and the curfew violation in the minute entry.

Finally, there is an error regarding the failure of the trial court judge to dispose of all the pending charges. Louisiana Code of Criminal Procedure Article 819 provides that, "If there is more than one count in an indictment, the jury must find a verdict as to each count, unless it cannot agree on a verdict as to a count." As noted above, J.L. was charged with two counts of disturbing the peace by fighting. At the adjudication proceedings, the trial court judge stated that, "Inherent within this battery is that J.L. did in fact Disturb the Peace by Fighting, which is a less[e]r charge. . . . I am going to adjudicate the child to be a delinquent child as a result of the aggravated battery." The trial court effectively acquitted J. L. of both counts of disturbing the peace by fighting and disposed of both of these charges.

J.L. was also charged with a curfew violation. Information obtained from the trial court clerk's office indicates there are no additional minute entries resolving the disposition of this offense. The remedy for failure of the trial court judge to dispose of these charges is remanding the case for a determination of a proper disposition of this charge. *See State v. Pitre*, 04-1134 (La.App. 3 Cir. 2/9/05), 893 So.2d 1009; *State v. Hypolite*, 04-1658 (La.App. 3 Cir. 6/1/05), 903 So.2d 1275, *writ denied*, 06-618 (La. 9/22/06), 937 So.2d 381.

## ASSIGNMENT OF ERROR NUMBER THREE

J.L. contends, "The trial court erred in proceeding to an adjudication hearing in this case based upon Petitions for Delinquency filed by someone without court authorization to do so." J.L. alleges that the juvenile officer who filed the petitions did not have authorization to so do. We will addresses this assignment of error first

9

as any failure of the petition to invoke the jurisdiction of the trial court would nullify the proceedings *ab initio*.

Louisiana Children's Code Article 842 provides, "A delinquency proceeding shall be commenced by a petition. The district attorney may file a petition without leave of court. Any person authorized by the court may file a petition if there are reasonable grounds to believe that the child is a delinquent child." In the instant case, both "Petitions for Delinquency" were signed by Officer Moore.

Even though nothing in the record specifically shows that Officer Moore had the authorization required by the article to file the petitions, La.Ch.Code art. 842 does not require that the authorization be in writing or contained in the record. Additionally, J.L. fails to list any authority in support of a finding that such is necessary. Therefore, this court does not assume that Officer Moore did not have authorization to file the "Petitions for Delinquency" simply because the record does not contain written proof thereof.

Moreover, the fact that the trial court proceeded on the charges suggests that Officer Moore actually had the court's leave to file the petitions. In a footnote in *State in the Interest of Simmons*, 299 So.2d 906, 908 n.1 (La.App. 3 Cir. 1974), this court discussed La.R.S. 13:1574, which La.Ch.Code art. 842 supplanted:

> If law enforcement authorities have evidence which indicates that a youth has engaged in criminal activity, the probation officer may properly report the accusation to the judge who can authorize the filing of a petition without being informed in detail of the evidence; and [sic] even better procedure is for the matter to be handled through the district attorney or other prosecuting official, as also provided by LSA-R.S. 13:1574, without the judge having to consider the question of whether a petition should be filed.

The language of the current codal article also provides courts adjudicating juvenile matters the power to authorize people other than the district attorney to file petitions

10

for delinquency. Although the record does not contain documentation specifically showing that the trial court issued such authorization in the current case, we find that the subsequent proceedings indicated that Officer Moore had the trial court's permission to file the petitions.

We find that no error should be recognized regarding the signing of the petition. Accordingly, this assignment of error is without merit.

**ASSIGNMENT OF ERROR NUMBER ONE**

J.L. argues that, "The evidence introduced at the adjudication hearing of this case when viewed under the *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) standard, was insufficient to prove all of the elements of the offense of aggravated battery beyond a reasonable doubt." J.L. contests the credibility of the State's witnesses. J.L. also asserts that there was insufficient evidence introduced to prove that the black object was a dangerous weapon. J.L. urges this court to find insufficient evidence to support a finding of aggravated battery and further asks this court to find that responsive verdicts are not available in juvenile proceedings.

**Credibility of the Witnesses**

"It is not the function of an appellate court to assess credibility or re-weigh the evidence." *State v. Macon*, 06-481, p. 8 (La. 6/1/07), 957 So.2d 1280, 1286. "The actual trier of fact's *rational* credibility calls . . . are preserved through the requirement that upon judicial review all of the evidence is to be considered as if by a rational fact finder in the light most favorable to the prosecution . . ." *State v. Mussall*, 523 So.2d 1305, 1311 (La.1988). "In the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if

11

believed by the court, is sufficient to support a conviction or convictions." *State v. Stec*, 99-633, pp. 4-5 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 787.

The trial court specifically found the state's witnesses to be credible, and there is nothing in the adjudication transcript that would indicate that the decision was beyond the bounds of rationality.

**Sufficiency of the Evidence**

The supreme court has discussed the standard for reviewing sufficiency of the evidence claims:

> The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. A determination of the weight of evidence is a question of fact, resting solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witnesses. A reviewing court may impinge on the factfinding function of the jury only to the extent necessary to assure the *Jackson* standard of review. It is not the function of an appellate court to assess credibility or re-weigh the evidence.

*Macon*, 957 So.2d at 1285-86 (citations omitted).

"Aggravated battery is a battery committed with a dangerous weapon." La.R.S. 14:34. "The crime requires neither the infliction of serious bodily harm nor the intent to inflict serious injury." *State v. Howard*, 94-23, p. 3 (La. 6/3/94), 638 So.2d 216, 217. "Battery is the intentional use of force or violence upon the person of another . . ." La.R.S. 14:33. "'Dangerous weapon' includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." La.R.S. 14:2(A)(3).

When viewed in the light most favorable to the prosecution, the evidence presented at the adjudication hearing shows that J.L. struck Ms. Derouen with a small black object resembling a homemade "slapjack" or "blackjack." From the blow, Ms.

12

Derouen suffered a sizeable lump on her head and after a visit to the hospital, the injury was determined to be a concussion. Mr. Hopes paid the resulting hospital bills.

In *State v. McClure*, 34,880 (La.App. 2 Cir. 8/22/01), 793 So.2d 454, the defendant struck the victim over the head with a stick. The injury from the blow required several stitches; the hospital bill exceeded $1,000. The second circuit found that the jury reasonably concluded the three-foot-long stick to be a dangerous weapon even though it was not an inherently dangerous object; the defendant used the stick in a manner likely to produce either death or great bodily harm. The second circuit found sufficient evidence to support McClure's aggravated battery conviction.

In *State v. Kunzman*, 31,976, pp. 2 (La.App. 2 Cir. 5/5/99), 741 So.2d 112, 114, the victim was repeatedly hit with "some kind of rubber thing with lead in it or something." At trial, witnesses called the object a "slapjack" and a "blackjack." On appeal, the defendant contended that the "slapjack" was not a dangerous weapon; the second circuit disagreed. Based on the testimony at trial, the second circuit concluded that the homemade object was a dangerous weapon.

In *State v. Hopkins*, 96-1063 (La.App. 3 Cir. 3/5/97), 692 So.2d 538, the defendant struck the victim multiple times across the buttocks with a thick branch. As a result, the victim suffered a four-inch-wide, dense bruise across her buttocks. This court concluded that a stick that leaves a four-inch bruise is a dangerous weapon. Although charged with aggravated battery, the jury returned a verdict of second degree battery. Finding that the evidence presented at trial supported a finding of aggravated battery, this court affirmed the lesser included second-degree battery conviction.

In *State v. Johnson*, 598 So.2d 1152 (La.App. 1 Cir.), *writ denied*, 600 So.2d 676 (La.1992), the defendant stabbed the victim in the hand with a red ink pen in order to facilitate a robbery. The first circuit found that the ink pen was a dangerous weapon because the pen broke the victim's skin, stuck in the victim's hand approximately a quarter of an inch, and caused bleeding. The first circuit affirmed the defendant's armed robbery conviction.

In *State v. Leak*, 306 So.2d 737 (La.1975), the supreme court found that an extension to a ratchet coupled with a socket constituted a dangerous weapon when used as a bludgeon and also when used to convincingly simulate a firearm.

Based on the foregoing, we find that the state presented sufficient evidence at the adjudication hearing to support J.L.'s adjudication as delinquent for the delinquent act, which would have been considered aggravated battery had J.L. been an adult. Accordingly, this assignment of error is without merit.

### ASSIGNMENT OF ERROR NUMBER TWO

J.L. asserts, "The evidence introduced at the adjudication hearing of this case when viewed under the *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) standard, was insufficient to prove all of the elements of the offense of disturbing the peace by fighting beyond a reasonable doubt." J.L. argues that one blow is insufficient to support a finding that he was involved in a fight.

Contrary to J.L.'s assertion, we find that the trial court did not adjudicate J.L. to be delinquent upon finding that J.L. disturbed the peace by fighting. The trial court found that the disturbing the peace by fighting was inherent in the aggravated battery, which means that the same facts would have to be used to prove the disturbing the peace allegation. The trial court specifically based J.L.'s adjudication solely on the

14

aggravated battery: "I am going to adjudicate the child to be a delinquent child as a result of the aggravated battery." Because there was no mention of the disturbing the peace charge in the trial court's adjudication, J.L. was not adjudicated delinquent based on disturbing the peace by fighting.

Accordingly, the issue presented by J.L. is moot.

## ASSIGNMENT OF ERROR NUMBER FOUR

J.L. argues that the listing on the custody order stating that J.L. is to serve six months of secure confinement for the aggravated battery as well as a concurrent ninety-day confinement for disturbing the peace is inconsistent with the oral pronouncement set forth in the record.

At the disposition hearing, the trial court imposed one disposition. The trial court ordered J.L. to be placed in the custody of the Department of Public Safety and Corrections for six months of secure custody, issued a thirty-day intake order, recommended J.L. complete a short-term offender program, provided that J.L may be released upon completion of the program, indicated that the secure custody order may be modified if a non-secure bed becomes available, allowed an extension of the thirty-day intake order should J.L. be admitted into a Youth Challenge Program, and set a 6:00 p.m. to 6:00 a.m. curfew during the time allotted by the intake order.

As addressed in the discussion of assignment of error number two, the trial court only adjudicated J.L. delinquent based on the aggravated battery charge. Thus, there was no need for the disposing court to impose a penalty for disturbing the peace.

Accordingly, this assignment of error is without merit as the trial court imposed one disposition for the one adjudication of delinquency.

15

## ASSIGNMENT OF ERROR NUMBER FIVE

J.L. claims, "Trial counsel rendered ineffective assistance of counsel at all stages of these proceedings." J.L. generally includes his other arguments in this assignment of error "[i]n the event the court finds that any of the above issues were not preserved for appellate review."

This court has stated that the ineffective assistance of counsel analysis consists of a two-prong test:

> The right of a defendant in a criminal proceeding to the effective assistance of counsel is constitutionally mandated by the Sixth Amendment of the U.S. Constitution. In order to prove that counsel was ineffective, the defendant must meet the two-pronged test enunciated by the Supreme Court. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that this deficiency prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Brooks*, 505 So.2d 714 (La.1987), *cert. denied*, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that his defense attorney failed to meet the level of competency normally demanded of attorneys in criminal cases. *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Fickes*, 497 So.2d 392 (La.App. 3 Cir.1986), *writ denied*, 515 So.2d 1105 (La.1987).
>
> In considering allegations of ineffectiveness, defense attorneys are entitled to a strong presumption that their conduct fell within the broad range of reasonable professional assistance. The United States Supreme Court has held that the benchmark for judging a charge of ineffectiveness is whether the attorney's conduct so undermined the proper functioning of the adversarial process that the trial cannot be considered to have produced a just result. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Strickland*, 466 U.S. 668, 104 S.Ct. 2052.
>
> It is not enough for an accused to make allegations of ineffectiveness; the accused must couple these allegations with a specific showing of prejudice. *State v. Brogan*, 453 So.2d 325 (La.App. 3 Cir.), *writ denied*, 457 So.2d 1200 (La.1984). A claim of ineffective assistance of counsel may be disposed of based upon a failure to satisfy either criteria of the established two-pronged test; if the accused's claim fails to satisfy one, the reviewing court need not address the other. *State v. James*, 555 So.2d 519 (La.App. 4 Cir.1989), *writ denied*, 559 So.2d

16

1374 (La.1990). A brief review of the defendant's complaints against his attorneys will demonstrate the deficiency of his arguments.

*State v. James*, 95-962, pp. 4-5 (La.App. 3 Cir. 2/14/96), 670 So.2d 461, 465. Moreover, "[i]t is not sufficient for the defendant to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different." *State v. Jones*, 33,657, p. 11 (La.App. 2 Cir. 8/23/00), 765 So.2d 1191, 1199, *writ denied,* 00-2779 (La. 6/29/01), 794 So.2d 825 (*Strickland*, 466 So.2d 668, 104 S.Ct. 2039; *State v. Pratt*, 26,862 (La.App. 2 Cir. 4/5/95), 653 So.2d 174, *writ denied*, 95-1398 (La. 11/3/95), 662 So.2d 9).

J.L. contends that the trial court erred both by proceeding with the adjudication hearing after the case had been continued due to unavailability of defense counsel and by proceeding with alternate counsel without first determining that the substitute had adequate opportunity to meet with J.L. and prepare a defense. J.L. first asserts that there is sufficient evidence in the record to review this claim, but then J.L. points out that the record does not show that adjudication counsel ever met with him prior to the hearing and that the record shows adjudication counsel's first appearance was at the adjudication hearing.

J.L.'s contention that the record does not show that adjudication counsel had an opportunity to meet with J.L. or prepare a defense is not a claim entitled to relief on appeal. Because the record is not sufficient to review this argument, J.L. may raise this claim in a properly filed application for post-conviction relief.

J.L. also urges this court to find ineffective assistance of counsel for the failure to question Officer Moore's authority to file the Petitions for Delinquency. As we have found above, in our discussion of assignment of error number three, there was

17

no error in Officer Moore's signing of the petition, we find this argument has no merit.

J.L. next asserts that his adjudication counsel's performance was deficient in other ways: her failure to question whether such petitions properly invoked the court's jurisdiction; her failure to point out the inconsistencies and motivation behind Mr. Hopes' testimony; her failure to cross-examine Mr. Hopes concerning his desire to drop the charges against J.L.; her failure to highlight the failure of anyone other than Mr. Hopes to identify J.L.; her failure to discuss the small black object; and her failure to object to the insufficiency of the evidence in general. Although J.L. alleges that these omissions are error, he fails to explain how adjudication counsel's inaction prejudiced the outcome of the proceedings. Therefore, J.L. may also reassert these issues in a properly filed application for post-conviction relief.

J.L. further argues that his counsel was ineffective because she failed to object to the trial court's failure to resolve the curfew and damage to property charges. The record shows that the state dismissed the simple criminal damage to property charge, and this court is remanding the case for resolution of the curfew violation charge as noted in the error patent section of this opinion. Therefore, these ineffective assistance of counsel arguments are not entitled to relief.

J.L. also asserts that his adjudication counsel was ineffective for failing to file a motion to vacate the adjudication, as authorized by La.Ch.Code art. 667, on any of the grounds listed above. J.L. fails to either allege or show that such a motion would have been granted. Therefore, J.L. may raise these assertions in a properly filed application for post-conviction relief.

18

J.L. then asserts that his adjudication counsel at the disposition hearing was ineffective for the failure to object when the trial court did not impose a disposition on each charge for which J.L. had been adjudicated delinquent. As previously stated, this court finds that the trial court did not adjudicate J.L. delinquent based upon disturbing the peace by fighting. Therefore, there was no error in the attorney's failure to object when the disposing court imposed only one penalty.

Finally, J.L. contends that he was denied effective assistance of counsel because his adjudication counsel did not object to the additional penalty included on the custody order. Trial counsel filed a "Notice of Appeal" on March 5, 2008. The trial court signed both the order of appeal and the custody order on Friday, March 7, 2008. On Tuesday, March 11, 2008, the Louisiana Appellate Project sent a letter to the trial court giving notice that it had assigned appellate counsel to J.L. J.L. does not allege either that counsel received a copy of the custody order during the one workday before appellate counsel was appointed or that adjudication counsel was even present at work to see a copy thereof on that day. J.L. may also include this contention in a properly filed application for post-conviction relief.

Accordingly, as stated above, the bulk of the arguments presented in this assignment of error are relegated to post-conviction relief. J.L. is not entitled to relief on his claims concerning the resolution of the simple criminal damage to property charge, and J.L. is not entitled to additional relief on the curfew violation charge. J.L. is also not entitled to additional relief on his assertion that the trial court failed to impose a disposition on the disturbing the peace by fighting charge.

## CONCLUSION

The trial court judge is ordered to amend the custody order by deleting the provisions regarding the adjudication and the disposition for the offense of disturbing the peace by fighting. Also, we instruct the trial court judge to amend the December 13, 2007, minutes of court to accurately reflect the trial court judge's findings as set forth in the transcript of the adjudication hearing. This court hereby amends J.L.'s disposition to state that J.L. was remanded to the custody of the Department of Public Safety and Corrections, instead of the "State of Louisiana," and instruct the trial court judge to note the amendment in the minutes of court. This court also amends J.L.'s disposition to give him credit for time served, if any, and instruct the trial court judge to note the amendment both in the minutes of court and in the custody order. In addition, this court hereby orders the trial court judge to inform J.L. of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten (10) days of the rendition of this opinion, and instructs the trial court judge to file into the record written proof that J.L. received the notice. This court hereby remands the matter to the trial court judge for disposition of the curfew violation charge.

Finally, this court affirms J.L.'s adjudication of delinquency as well as J.L.'s disposition, as amended.

**ADJUDICATION OF DELINQUENCY AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

20